Joe Paul ALBERTY *v.* John W. WIDEMAN

92-1172                                            850 S.W.2d 314

Supreme Court of Arkansas
Opinion delivered April 5, 1993

*Dean A. Garrett*, for appellant.

*Hardin, Jesson, Dawson & Terry*, by: *Bradley D. Jesson* and *J. Rodney Mills*, for appellee.

ROBERT H. DUDLEY, Justice. We dismiss this appeal without prejudice. The parties to this case are two orthopedic surgeons who entered into a partnership agreement in 1981 to own office space in a condominium office building and to own certain items of medical equipment, office equipment, and office furnishings in Fort Smith. In 1987, appellee notified appellant of his intention to retire from his medical practice and, pursuant to the partnership agreement, offered appellant the right to purchase the partnership property. Over two years later, the partnership still had not been terminated, so appellee filed this suit. After a trial on the merits, the chancellor entered an order finding that the real and personal property of the partnership should be sold at public auction, but withheld "final determination of the distribution of the proceeds of the sale, attorney's fees and costs until after the sale has been conducted, if, in fact, the parties are unable to reach an agreement on these issues prior to the expiration of sixty days." That order was entered on August 9, 1991. On August 14, 1991, the chancellor supplemented the order and ruled that appellee owned 42.7 per cent of the partnership, appellant owned 57.3 per cent, and appellee owed the partnership almost $7,000.00 in expenses. However, the trial court did not set the amount of the attorney's fee, and more important, ordered that "the real and personal property of the parties will be sold by a commissioner appointed by the court within sixty days from the date of this order rather than from the August 9 date of the previous order if the parties are unable to come to terms." In short, the orders did not put the court's order of sale into execution. That remains to be done in a subsequent order.

On September 6, 1991, appellant filed a notice of appeal from both orders. On September 12, 1991, appellee filed a notice of cross-appeal. On September 18, 1991, the chancellor entered an order pursuant to Rule 54(b), stating that there was no just reason for delay and declaring that the two orders constituted a final judgment as to the matters addressed therein. Neither party filed a notice of appeal after the entry of the September 18, 1991, order.

Appellee contends that Ark. R. App. P. 4, as construed

in *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992), mandates dismissal of this appeal for failure to file a second notice of appeal *after* the certification under Rule 54(b). The argument is without merit. Appellant gave his notice of appeal within thirty days of the entry of the order and supplemental order from which he seeks to appeal. *See* Ark. R. App. P. 4(a). The Rule 54(b) certification states that there is no just reason for further delay and that the two previous orders constitute a final judgment as to the matters contained in them. Appellant does not appeal from the 54(b) certification. He gave a timely notice of appeal from the orders from which he seeks to appeal, and it was not necessary to give another notice of appeal after obtaining a certification that the orders from which he seeks to appeal are final orders pursuant to Rule 54(b). Accordingly, we do not dismiss for the reason argued by appellee.

However, we must dismiss the appeal for another reason. The orders are not final as to the claim. The trial court's certification is in error in that regard. The rule that an order must be final to be appealable is a jurisdictional requirement that this court is obliged to raise even when the parties do not. *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984). In cases involving court-ordered judicial sales of property, we have long held that if the decree puts the court's directive of sale into execution, it constitutes a separable and "final" part of the litigation. In *Parker* v. *Bodcaw Bank*, 161 Ark. 426, 256 S.W. 384 (1923), we held that a decree foreclosing a mortgage and a later decree confirming the foreclosure sale were both final and appealable orders. The decree foreclosing the mortgage was rendered on September 22, 1922, and the decree confirming the sale was rendered on December 21, 1922. We held the appeal, which was perfected on March 29, 1923, to be untimely for the purpose of reviewing the decree of September 22, 1922. In *Festinger* v. *Kantor*, 264 Ark. 275, 277-78, 571 S.W.2d 82, 84 (1978), we wrote:

> The test of finality, however, is not whether the order settles the issue of title as a question of law. To be final the decree must also put the court's directive into execution, ending the litigation or a separable branch of it. On this controlling point Chief Justice Cockrill's entire opinion in *Davie* v. *Davie*, 52 Ark. 227, 12 S.W. 558, 20 Am. St. Rep.

170 (1889), is applicable, but we quote only its especially pertinent language:

> A judgment in equity is understood ordinarily to be interlocutory when inquiry as to matter of law or fact is directed preparatory to a final adjudication of the rights of the parties . . . . But, "where the decree decides the rights to the property in contest and directs it to be delivered up, or directs it to be sold, and the complainant is entitled to have it carried into immediate execution, the decree must be regarded as final to that extent, although it may be necessary for a further decree to adjust the account between the parties."
>
> \*\*\*\*
>
> In this case while the decree takes the form of a final order in adjudicating the parties' proportionate interests in the land, it is apparent that the court has not fully adjudicated that branch of the cause. The relative interests of the parties in the land have been ascertained and determined, but . . . the court is yet to determine . . . what amounts shall be charged as liens upon the several interests, and whether there shall be a sale of some of the interests to satisfy the same. The decree does not direct its execution, but looks to further judicial action before that event. The plaintiffs can suffer no injury by awaiting the termination of the litigation.

Thus, a decree that orders a judicial sale of property and places the court's directive into execution is a final order and appealable under Ark. R. App. P. 2(a)(1). When there is such an order, a certification under Rule 54 (b) is not necessary. Such a rule is very practical. Under it, the parties are able to appeal an order directing a judicial sale and have a determination of the issues at that time. If it were otherwise, and there were questions about the validity of sale, prospective bidders might not bid a reasonable amount because there would be a cloud over the matter, and no one wants to buy a lawsuit. Those issues can be finally determined under our procedure. As a separate matter, any questions concerning the validity and adequacy of the bids might be heard on a later appeal from the order confirming title.

■ Here, the chancellor only determined the property shall be sold "by a commissioner appointed by this Court within sixty days from the date of this order. . . ." Such an order did not place the court's directive into execution. The chancellor must still appoint a commissioner and set a day and place for the sale, and, perhaps, set an attorney's fee, before the directive can be placed into execution. Thus, the order is not appealable, and, accordingly, we dismiss the appeal without prejudice.