Scott A. SCHERZ and Connie A. Scherz, His Wife *v.*
MUNDACA INVESTMENT CORPORATION;
J. Phillip Pounders and Jane E. Pounders, His Wife;
Dale Davis and Vicki Davis, His Wife; and
Estate of Don Baker a/k/a Dan Baker, Deceased

93-1217                                                    886 S.W.2d 631

Supreme Court of Arkansas
Opinion delivered November 7, 1994
[Rehearing denied December 12, 1994.*]

*Special Justices Don R. Elliott, Jr., and Robert L. Depper, Jr., join. Corbin and Brown, JJ., not participating.

*Homer Tanner*, for appellants.

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Dorcy Kyle Corbin* and *John E. Pruniski II*, for appellees.

DON R. ELLIOTT, JR., Special Justice. This action involves the foreclosure of a four-plex located in Little Rock, Arkansas. The case was tried on its merits on October 9, 1991. At the conclusion of the trial, the Court instructed the appellee's counsel to prepare a foreclosure decree, and advised that the Court would sort out the various interests. On February 19, 1992, a decree was signed and entered of record by the trial judge as a final judgment. Subsequently, appellant's counsel wrote a letter to the trial judge objecting to the provisions of the decree, requested a hearing, and asked that the decree be set aside. No action was taken by the trial court. The Commissioner then sold the property pursuant to the decree, and the first sale was set aside. On February 11, 1993, a second Commissioner's sale was held. After the appellant filed a motion to vacate, a hearing was held on May 12, 1993, denying the appellant's motion to vacate, and as a result, an order of confirmation was filed on July 27, 1993. On August 6, 1993, the separate party, Allison, filed a motion for reconsideration, and on August 17, 1993, appellants filed their notice of appeal. This Court lacks jurisdiction, and the appeal is dismissed.

■ The first issue is whether the original decree of February 19, 1992, is a final judgment, and therefore, appealable. The chancellor declared that the decree was a final judgment and there was no just reason for delay. The decree set an attorney's fee and appointed a commissioner to sell the property if judgment was not paid within ten (10) days. *Alberty* v. *Wideman*, 312 Ark. 434, 850 S.W.2d 314 (1993) reaffirms this court's long standing principle that a decree foreclosing a mortgage and a later decree confirming the foreclosure sale were both final and appealable orders.

> Thus, a decree that orders a judicial sale of property and places the court's directive into execution is a final order and appealable under Ark. R. App. P. 2(a)(1). When there is such an order, a certification under Rule 54(b), is not necessary. . . If it were otherwise, and there were questions about the validity of sale, prospective bidders might not bid a reasonable amount because there would be a cloud over the matter, and no one wants to buy a lawsuit. Those issues can be finally determined under our procedure. As a separate matter, any questions concerning the validity and adequacy of the bids might be heard on a later appeal from the order confirming title.

*Id.* at 437, 850 S.W.2d at 316.

In *Alberty*, the chancellor only determined that the property shall be sold by a commissioner appointed by the Court within sixty days from the date of the order. This court held that such an order did not place the court's directive into execution. Here, however, the court appointed a commissioner, established that if the judgment was not paid within ten days the commissioner should sell the property by auction, and set attorneys fees.

■ Therefore, this court finds that the February 19, 1992, decree was final since it placed the court's directive into execution and no additional orders were required prior to the sale. Therefore, we hold that the notice of appeal, which was filed on August 17, 1993, is untimely for the purposes of reviewing the foreclosure decree of February 19, 1992.

■ The second issue in this case is whether the notice of appeal which was filed on August 17, 1993, allows this court to

review the order which was entered on July 27, 1993. Obviously, the notice of appeal was filed within thirty days of the July 27, 1993, decree. However, on August 6, 1993, a motion to vacate judgment was filed by the separate party, Allison, who is not a party to this appeal. Pursuant to Ark. R. App. P. 4(c), if a timely motion listed in Section (b) of this rule is filed by any party, the time for appeal for all parties shall run from the entry of the order granting or denying the new trial.

In the motion to vacate, it is alleged that the decree is contrary to the proof offered at trial. This court has previously held in *Jackson* v. *Arkansas Power and Light Co.*, 309 Ark. 572, 832 S.W.2d 224 (1992), that when a motion to vacate is couched in terms of a motion for new trial, it will be treated as such. Ark. R. App. P. 4(b) states that upon the timely filing of a motion for new trial, the time for filing of a notice of appeal shall be extended. The trial court in this case neither granted nor denied the motion to vacate, and therefore, Ark. R. App. P. 4(c) controls as follows:

> Provided, that if the trial court neither grants nor denies the motion within thirty days of its filing, the motion will be deemed denied as of the thirtieth day. A notice of appeal filed before the disposition of any such motion, or if no order is entered, prior to the expiration of the thirty day period, *shall have no effect.*

(Emphasis added).

Therefore, the motion was deemed denied on September 5, 1993. To effectively appeal the July 27, 1993, order, a new notice of appeal should have been filed during the time period of September 5, 1993, through October 5, 1993. Since this was not done, the appeal is hereby dismissed.

SPECIAL JUSTICE ROBERT L. DEPPER, JR. joins in this opinion.

CORBIN and BROWN, JJ., not participating.