Shelby and Theresa McADAMS and Bob J. McAdams
*v.* AUTOMOTIVE RENTALS, INC.

94-207                                                   891 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered January 17, 1995
[Rehearings denied February 27, 1995.]

*Thomas J. Pendowski* and *B.J. McAdams*, pro se, for appellants.

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *James H. Penick, III*, for appellee.

ROBERT H. DUDLEY, Justice. Twin City Bank filed a foreclosure action against B.J. McAdams and other parties that held liens against the encumbered property. The bank asked that its mortgage be decreed first in priority. Automotive Rentals, Inc. is one of the other named defendants. The chancellor granted a decree of foreclosure and ruled that Twin City Bank was first in priority. The mortgage was assigned to Shelby and Theresa McAdams. A sale was ordered, and Shelby and Theresa McAdams purchased the property. After numerous motions, hearings, and rulings, the chancellor entered an order of confirmation. B.J. McAdams and Shelby and Theresa McAdams filed a notice of appeal within thirty days of the order of confirmation.

The chancellor subsequently ruled that Automotive Rentals, Inc. had the next lien in priority. It applied to excess proceeds, if any, resulting from the sale of the property. However, the chancellor also ruled that B.J. McAdams was entitled to claim a homestead exemption against Automotive Rentals, Inc. Automotive Rentals filed a notice of appeal. The style of the case might be misleading; these are two direct appeals by separate defendants in the action filed by Twin City Bank.

We granted Automotive Rentals's motion to consolidate the two separate appeals and determine both of them in this opinion. We dismiss the McAdamses' appeal and affirm Automotive Rentals's appeal.

We dismiss the appeal of B.J. McAdams and Shelby and Theresa McAdams because the deficiencies in their abstract are

so flagrant that a decision is well nigh impossible. *See Haynes* v. *State*, 313 Ark. 407, 855 S.W.2d 313 (1993). An abstract is to be a condensation of the material parts of the pleadings, proceedings, and other matters contained in the record so that it will give us an understanding of the points of appeal. Ark. Sup. Ct. R. 4-2(a)(6). The McAdamses' abstract refers to numerous extraneous matters and compiles them in such a way that it is difficult and, in places, impossible, to separate them from the material parts of the record. Material parts of the record are, in places, cryptically stated and without headings or spaces to distinguish or separate them. One example of our difficulties caused by the deficiencies is as follows. We have long said that a decree granting foreclosure and placing the court's directive into execution is a final and appealable order. "If it were otherwise, and there were questions about the validity of the sale, prospective bidders might not bid a reasonable amount because there would be a cloud over the matter, and no one wants to buy a lawsuit." *Scherz* v. *Mundaca Inv. Corp.*, 318 Ark. 595, 597, 886 S.W.2d 631 (1994) (quoting *Alberty* v. *Wideman*, 312 Ark. 434, 437, 850 S.W.2d 314, 314 (1993)). In addition, an appeal taken from the decree granting foreclosure must be taken within thirty days from the date that order is entered. *See Scherz* at 597, 886 S.W.2d at 631; Ark. R. App. P. 2. The decree confirming the foreclosure sale is a separate, final, and appealable order, and a notice of appeal must be given within thirty days of that decree. In this case, the notice of appeal is abstracted only as "November 29, 1993, joint notice of appeal filed." The notice of appeal must specify the parties taking the appeal. Ark. R. App. P. 3(e). Even assuming all three McAdamses gave the notice, the abstract does not set out the order from which they intended to appeal. The abstract, however, does reflect that the notice was filed within thirty days of an order abstracted as follows:

> November 10, 1993, court issues an order confirming sale, stating it examined the report of sale and "the report is, therefore, in all things approved." . . . "and the acting commissioner is ordered to make a deed to the purchaser" and present same for the court's approval. In this same order, the court approved the commissioner's deed "in all things" and authorized the deed to be admitted to record in the office of the recorder of Pulaski County, Arkansas. This

order was filed by the court on November 16, 1993, (R.449,450). *This order was not appealed.* [Emphasis supplied].

If, as they state, the McAdamses are not intending to appeal from the November 10 order, they apparently are attempting to appeal from an order entered on September 17, 1993. While it is difficult to determine from the abstract whether their notice of appeal regarding this order is timely, the September 17 order is abstracted as follows:

September 17, 1993, the court filed a 10 page order regarding priorities, and based upon the findings in the order directs petitioners Shelby and Theresa McAdams to pay in additional funds (R.239).

1) The chancery court in this order denied CDC's claim priorities based on the findings in US bankruptcy Case 40-695F, and 90-4207, that the CDC held mortgage was a guaranty, that the proceeds of the promissory note were paid by CDC several months prior to the execution of the guaranty by BJM and no consideration was given (R.240-243).

2) Based upon the foregoing, the court found ARI to have a first priority in surplus proceeds as defined in an order entered herein on August 11, 1992, denied Shelby and Theresa McAdams petition filed August 25, 1992, and directed them pay in additional funds within 14 days (R.247).

None of the points of appeal set out in the argument in this court are related to the trial court's order of September 17. Some of the points of appeal are for B.J. McAdams, and some are for Shelby and Theresa McAdams, and nearly all of them relate back to the original foreclosure action. If the order of foreclosure is the order from which the notice of appeal is given, the notice of appeal is untimely. However, because of the flagrant deficiencies in abstracting, we are unable to determine even the order from which the appeal is taken.

It would serve no useful purpose to cite further examples of the flagrant deficiencies of the McAdamses' abstract. We

have no choice but to affirm their appeal under Rule 4-2 of the Arkansas Supreme Court Rules.

Automotive Rentals gave its separate notice of appeal on March 10, 1994, from an order entered March 1, 1994. That order provided that B.J. McAdams had a right to claim his homestead exemption in any excess proceeds from the sale of the encumbered property. Automotive Rentals subsequently filed a motion to consolidate its appeal with the McAdamses' appeal. We granted the motion. Subsequently, Automotive Rentals filed only a supplemental abstract. The supplemental abstract is, in form, compiled in compliance with Rule 4-2, but it does not sufficiently supplement the McAdamses' deficient abstract for us to reach its first point of appeal.

In its first point of appeal, Automotive Rentals argues that the chancellor's decision regarding the homestead exemption was contrary to public policy because of B.J. McAdams's fraudulent marriages and that the decision was clearly erroneous. Yet, there is nothing in either the McAdamses' abstract or Automotive Rentals's supplemental abstract to show that an argument about public policy and fraudulent marriages was made to the chancellor. The only pleading shown on the issue is contained in the McAdamses' abstract and is abstracted as follows:

January 28, 1994, ARI files Response and Brief to January 25, 1994, Motion of Shelby and Theresa McAdams for Homestead Rights.

THE MOTION STATES

1) They are not entitled to assert any homestead, they are residents of Florida.

2) The homestead assertion was made subsequent to the execution and order of sale (R.552).

3) A complete schedule, verified by affidavit was not filed (R.553).

The foregoing does not reflect that a public policy argument was made to the trial court. Rather, it appears from the abstract that the argument is being raised for the first time on appeal, and we have often said that an argument cannot be raised

for the first time on appeal. *Silvey Cos.* v. *Riley*, 318 Ark. 788, 888 S.W.2d 636 (1994). As a result, we affirm this point of appeal.

Automotive Rentals's second point of appeal is that B.J. McAdams has not complied with the March 1 order, the order from which it appeals. Obviously, this matter has not been ruled on by the trial court, and we therefore do not reach it.

The appeal of B.J. McAdams and Shelby and Theresa McAdams is affirmed. The one point of the appeal of Automotive Rentals that we reach is affirmed.

Affirmed in part and dismissed in part.