Kenneth K. WATANABE and Jessica L. Watanabe
*v.* Ed H. WEBB and Ellinor Webb; Dixon Realty;
John W. Williams; Guaranty Title Company; and Gene Weston

95-3                                     894 S.W.2d 601

Supreme Court of Arkansas
Opinion delivered March 20, 1995

*The Rose Law Firm, A Professional Association*, by: *David L. Williams*, for appellants.

*Anderson & Kilpatrick*, by: *Mariam T. Hopkins*, for appellees.

PER CURIAM. Appellants Kenneth K. and Jessica L. Watanabe seek to appeal from a foreclosure decree entered on August 13, 1994 and order of confirmation on June 2, 1994, by the Garland County Chancery Court. In January and February 1995, appellees filed motions to dismiss, generally contending that the Watanabes' notice of appeal and record were untimely filed. In support of their motions, appellees rely primarily on the recent cases of *Scherz* v. *Mundaco Inv. Corp.*, 318 Ark. 595, 886 S.W.2d 631 (1994), and *Alberty* v. *Wideman*, 312 Ark. 434, 850 S.W.2d 314 (1993).

On January 31, 1995, the Watanabes responded to appellees' dismissal motions, stating that appellees' motions cannot be resolved without reaching the merits of the appeal and that the *Scherz* and *Alberty* cases are distinguishable and not controlling on the issue concerning whether the Watanabes' appeal was timely

filed. The Watanabes requested they be entitled to submit a fully developed brief. Based upon the foregoing motions and responses, we believed it would be best to delay ruling on appellees' dismissal requests until this case was submitted on its merits. On February 3, 1995, the parties were notified of our decision to submit the dismissal motions with the briefs on the merits of this case.

On February 13, 1995, the Watanabes were granted seven additional days to file their brief. Instead of filing a brief, Watanabes' counsel, Rose Law Firm, have moved for leave to withdraw because the Watanabes have failed to pay Rose Law Firm's legal bills. The Watanabes, by other counsel engaged only to respond to Rose Law Firm's motion, request Rose Law Firm's motion be denied or alternatively, ask this court to decide the pending dismissal motions before they incur further expenses required in preparing and filing a brief.

This court passed on deciding appellees' dismissal motions because Watanabes' counsel, Rose Law Firm, asked for the opportunity to file a full brief on the procedural and other issues on appeal. Since Rose Law Firm now seeks to withdraw prior to filing a full brief in this cause, we believe it would be fairer to all parties to rule on the pending dismissal motions before deciding any subsequent or new motions, including Rose Law Firm's request to withdraw as Watanabes' counsel. Accordingly, we direct the clerk to place appellees' motions and Watanabes' responses on the regular docket so they may be submitted for decision.