Kenneth K. WATANABE and Jessica Watanabe
v. Ed H. WEBB, Ellinor Webb, Dixon Realty, the Estate of
Juanita Dixon, J.W. Williams, Pulaski Lenders Title Company,
d/b/a Guaranty Title Company, and Gene Weston

95-3                                                              896 S.W.2d 597

Supreme Court of Arkansas
Opinion delivered May 1, 1995

*Rose Law Firm*, by: *David L. Williams*, for appellants.

*Charles R. Padgham*, for appellees Ed H. Webb and Ellinor Webb.

*Kathy A. Cruz*, for appellees Dixon Realty, Estate of Dixon and J.W. Williams.

*Anderson & Kilpatrick*, by: *Miriam T. Hopkins*, for appellees Pulaski Lenders Title Company and Gene Weston.

TOM GLAZE, Justice. Appellees Ed and Ellinor Webb sold property to appellants Kenneth and Jessica Watanabe, and a dispute later arose concerning whether some springs were located on that property. Ultimately, the Webbs filed a foreclosure action against the Watanabes alleging the Watanabes were in default on their promissory note and mortgage. In addition to filing an answer and counterclaim against the Webbs, the Watanabes filed crossclaims against appellees Dixon Realty, Juanita Dixon, Guaranty Title Company and Gene Weston, alleging breach of contract, breach of fiduciary duties and misrepresentation.

A hearing was held in this matter, and on April 13, 1994, the trial court entered a decree of foreclosure against the Watanabes and dismissed the Watanabes' claims against all appellees. Upon the Watanabes' failure to satisfy the foreclosure decree, a commissioner's sale was held, and on June 2, 1994, an order confirming the commissioner's sale was entered. On July 5, 1994, the Watanabes filed a notice of appeal from the April 13 decree and June 2 order. On October 3, 1994, the Watanabes obtained an order to extend their time for filing the appeal record to January 2, 1995. Because January 2, 1995, was a legal holiday, the Watanabes tendered the record on January 3, 1995, and the supreme court's clerk accepted it. After the record was filed, all appellees subsequently filed motions to dismiss the Watanabes' appeal, contending the Watanabes' notice of appeal was filed untimely and their lodging of the record was late as well.

Appellees argue that the Watanabes' notice of appeal was untimely because their notice was not filed within thirty days from the entry of the foreclosure decree as required by Ark. R. App. P. 4(a). As mentioned above, the trial court entered its decree on April 13, 1994, but the Watanabes delayed filing their notice of appeal until July 5, 1994. In the recent case of *Scherz v. Mundaca Investment Corp.*, 318 Ark. 595, 886 S.W.2d 631

(1994), this court held that a decree foreclosing a mortgage and a later decree confirming the foreclosure sale were both final and appealable orders. Citing *Alberty* v. *Wideman*, 312 Ark. 434, 850 S.W.2d 314 (1993), the court reaffirmed this court's long-standing principle as follows:

> Thus, *a decree that orders a judicial sale of property and places the court's directive into execution is a final order and appealable* under Ark. R. App. P. 2(a)(1). *When there is such an order, a certification under Rule 54(b), is not necessary* . . . If it were otherwise, and there were questions about the validity of the sale, prospective bidders might not bid a reasonable amount because there would be a cloud over the matter, and no one wants to buy a lawsuit. Those issues can be finally determined under our procedure. As a separate matter, *any questions concerning the validity and adequacy of the bids might be heard on a later appeal from the order confirming title.*

*Id.*, at 437, 850 S.W.2d at 316. (Emphasis added.)

■ The Watanabes suggest that, in the present case, the foreclosure decree was not final because it failed to set a day and place for the sale. That suggestion is meritless. Like in *Scherz*, the trial court here appointed a commissioner and directed that, if the Watanabes failed to pay the judgment of foreclosure, including $202,690.41 at a daily rate of $49.31, attorneys' fees of $10,000.00 and the maximum interest rate, the commissioner, after advertising the time, terms and place of sale for thirty days, shall by public auction sell the subject property at the Garland County Courthouse to the highest bidder.[1]

■ The Watanabes also try to distinguish *Scherz* by arguing the trial court there made an A.R.C.P. Rule 54(b) certification, but none had been made in the present case. This argument, too, has no merit because a Rule 54(b) certification was unnecessary. First, this court held in *Scherz* that, when a foreclosure decree's directives have been placed into execution, an appeal

---

[1]The decree, among other things, continued, setting interest rates from the sale date, establishing lien rights and bonds, allowing for the contingency if a successful bidder failed to perform, providing for commissioner's report, requesting the Watanabes file an exemption schedule and distributing escrow funds upon confirmation of sale.

may be filed from that final decree without a Rule 54(b) determination. Second, Rule 54(b) provides that, when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court may direct the entry of a final judgment as to one or more but fewer than all claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for entry of judgment. Here, the chancellor not only entered a detailed foreclosure decree in the Webbs' favor setting the decree into execution, it also specifically and generally dismissed the Watanabes' claims against the Webbs and all other parties to the lawsuit. In other words, no pending claims existed requiring a Rule 54(b) certification.

Although we hold the Watanabes' appeal from the April 13, 1994 foreclosure decree was untimely, their appeal from the lower court's final confirmation order entered on June 2, 1994, was timely. The Watanabes had thirty days within which to file their appeal from the June 2 order, and the filing deadline fell on Saturday, July 2, 1994. *See* Ark. R. App. P. 4(a). Under Ark. R. App. P. 9, whenever the last day for taking any action under the appellate rules or rules of the supreme court and court of appeals falls on a Saturday, Sunday, or legal holiday, the time for such action is extended to the next business day. Here, the Watanabes' appeal deadline not only fell on a weekend, but was also followed by a legal holiday, Monday, July 4, 1994. As a consequence, the Watanabes' notice of appeal was timely filed on the following business day, Tuesday, July 5, 1994.

Appellees argue that the Watanabes still filed the record late, since they waited until January 3, 1995, to lodge it with the supreme court clerk. Ark. R. App. P. 5(b) provides that in no event shall the time for filing the record on appeal be extended more than seven months from the date of the entry of the judgment, decree or order, or from the date on which a timely post-judgment motion under Rule 4(b) is deemed to have been disposed of under Rule 4(c), whichever is later. Here, no post-judgment motions were filed. Instead, the Watanabes obtained a timely order permitting them to file their record on Monday, January 2, 1995, which turned out to be a legal holiday. Again, as was the case with their notice of appeal from the June 2, 1994

confirmation order, the Watanabes' filing deadline for filing the record fell on a weekend and legal holiday, extending their deadline to the next business day — in this instance, Tuesday, January 3, 1995. In sum, the Watanabes filed their record timely and within the seven-month deadline provided under Rule 5(b).

For the foregoing reasons, we dismiss the Watanabes' appeal from the April 13, 1994 foreclosure decree, but we deny appellees' motion to dismiss the Watanabes' appeal from the June 2, 1994 confirmation order.