BUDGET TIRE & SUPPLY CO., et al.
*v.* FIRST NATIONAL BANK of Fort Smith, et al.

CA 94-504                                                912 S.W.2d 938

Court of Appeals of Arkansas
En Banc
Opinion delivered December 20, 1995

*Robert R. Cloar*, for appellant Budget Tire & Supply Co.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *Ray R. Fulmer, II*, for appellee First National Bank of Fort Smith.

*Pryor, Barry, Smith, Karber & Alford*, by: *Gregory T. Karber*, for apppellees Greg Whitsitt, Donna Whitsitt, and Greg's Exxon, Inc.

*Jones, Gilbreath, Jackson & Moll*, by: *Mark Moll*, for appellee Mosley Abstract Company.

*Hal Davis*, for appellees Glenn Viefhaus and Jessamine Viefhaus.

*Donald K. Campbell, III, P.A.*, and *Kemp, Duckett, Hopkins & Spradley*, by: *Hal Joseph Kemp, P.A.*, for appellee First Commercial Bank, N.A.

JUDITH ROGERS, Judge. We must dismiss this appeal from the Sebastian County Chancery Court because appellants, Budget Tire & Supply Co., John A. Griffin, and Stephen Griffin, failed to file a timely notice of appeal as required by Rule 4(a) of the Arkansas Rules of Appellate Procedure.

On February 14, 1994, appellants filed their notice of appeal "from the final order entered in this case on January 26, 1994." The January 26, 1994, order, however, is simply the chancellor's confirmation and approval of a commissioner's report of the sale of real and personal property in foreclosure. An order approving the commissioner's deed and a commissioner's bill of sale were also entered on that date.

The sale of this real and personal property followed the entry of a consent decree on November 16, 1993, in an action styled *First National Bank of Fort Smith, Arkansas* v. *Larry C. Womack, Jr., et al.*, which had been consolidated with appellees Greg and Donna Whitsitt's lawsuit against appellants in the

chancery court. The November 16, 1993, consent decree gave judgment in rem against real and personal property securing a debt owed appellee First National Bank by Larry and Deborah Womack and appointed the clerk as commissioner to sell the property in satisfaction of the judgment. The personal property to be sold included "all equipment existing or acquired and proceeds located at business conducted at 3019 Grand Avenue and 4601 Rogers Avenue." Ownership of a few of the items of personal property included in the consent decree was, however, also determined in a previous decision styled "Findings of Fact and Conclusions of Law" entered on April 30, 1993, wherein the chancellor determined the relative rights of appellants and the Whitsitts.

On appeal, appellants' argument is based upon alleged errors in the April 30, 1993, decision. In order to determine whether appellants should have filed a notice of appeal within thirty days of the April 30, 1993, decision, it is first necessary to decide whether that decree was a final order.

For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Lamb* v. *JFM, Inc.*, 311 Ark. 89, 91, 842 S.W.2d 10 (1992). For a judgment to be final, it must be of such a nature as to not only decide the rights of the parties, but to put the court's directive into execution, ending the litigation or a separable part of it. *Pledger* v. *Bosnick*, 306 Ark. 45, 49, 811 S.W.2d 286 (1991), *cert. denied*, 113 S.Ct. 3034 (1993); *Mid-State Homes, Inc.* v. *Beverly*, 20 Ark. App. 213, 214, 727 S.W.2d 142 (1987); *Smith* v. *Flash TV Sales & Serv., Inc.*, 17 Ark. App. 185, 188, 706 S.W.2d 184 (1986). A final judgment or decision is one that finally adjudicates the rights of the parties, putting it beyond the power of the court which made it to place the parties in their original positions; it must be such a final determination of the issues as may be enforced by execution or in some other appropriate manner. *Estate of Hastings* v. *Planters and Stockmen Bank*, 296 Ark. 409, 412, 757 S.W.2d 546 (1988). *Accord Pledger v. Bosnick, supra.*

Arkansas Rule of Civil Procedure 54(b) provides that an order which disposes of fewer than all of the claims or all of the parties is not a final appealable order unless the court makes an express determination that there is danger of hardship or injus-

tice which an immediate appeal would alleviate. *See Freeman* v. *Colonia Ins. Co.*, 319 Ark. 211, 213, 890 S.W.2d 270 (1995). Under Rule 54, the trial court may direct the entry of final judgment with regard to fewer than all of the claims or parties by an express determination that there is no just reason for delay. *Maroney* v. *City of Malvern*, 317 Ark. 177, 181, 876 S.W.2d 585 (1994). The fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *Cortese* v. *Atlantic Ritchfield*, 320 Ark. 639, 640, 898 S.W.2d 467 (1995). An order merely announcing the court's determination of the rights of the parties, but contemplating further judicial action, is not appealable. *Bonner* v. *Sikes*, 20 Ark. App. 209, 213, 727 S.W.2d 144 (1987). An order dismissing certain parties but leaving other claims and parties remaining in a case is also not a final order. *Otter Creek Mall* v. *Quinn Cos., Inc.*, 297 Ark. 136, 137, 759 S.W.2d 810 (1988).

In *State Farm Mutual Automobile Insurance Co.* v. *Thomas*, 312 Ark. 429, 431-32, 850 S.W.2d 4 (1993), the supreme court stated:

> This court will only review final matters on appeal. Ark. R. App. P. 2(a). A judgment which adjudicates fewer than all of the claims of all of the parties does not terminate the action. Ark. R. Civ. P. 54(b). The failure to comply with Rule 54(b) by the absence of an order adjudicating the rights of all parties is a jurisdictional issue that we are obligated to raise on our own. *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992); *Quality Ford, Inc.* v. *Faust*, 307 Ark. 371, 820 S.W.2d 61 (1991). We have held in this regard that for an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* It is not enough to dismiss some of the parties; the order must cover all parties and all claims in order to be appealable. *See Parks* v. *Hillhaven Nursing Home*, 309 Ark. 373, 829 S.W.2d 419 (1992).

Clearly, the April 30, 1993, decision was not a final order for purposes of appeal because all of the claims in the consolidated case involving the bank's action against the Womacks, including those relating to the items of personal property, remained for trial.

■ Next, it is necessary to determine whether the November 16, 1993, consent decree was final for purposes of appeal. An order determining the parties' rights and obligations in a foreclosure action but failing to provide for execution and indicating that further judicial action would be necessary before foreclosure and execution would be ordered is not a final appealable order. *Scaff* v. *Scaff*, 5 Ark. App. 300, 302, 635 S.W.2d 292 (1982). A decree granting foreclosure and placing the court's directive into execution is, however, final and appealable. *McAdams* v. *Automotive Rentals, Inc.*, 319 Ark. 254, 256, 891 S.W.2d 52 (1995). An appeal taken from a decree granting foreclosure must be taken within thirty days from the date that order is entered. *Id.* A decree confirming a foreclosure sale is also a separate, final, and appealable order, and a notice of appeal must also be given within thirty days of that decree. *Id.* In *Scherz* v. *Mundaca Investment Corp.*, 318 Ark. 595, 597, 886 S.W.2d 631 (1994), where the supreme court held that a decree was final because it placed the court's directive into execution and no additional orders were required prior to a foreclosure sale. In *Scherz*, the court relied upon *Alberty* v. *Wideman*, 312 Ark. 434, 437, 850 S.W.2d 314 (1993), where the supreme court stated:

> Thus, a decree that orders a judicial sale of property and places the court's directive into execution is a final order and appealable under Ark. R. App. P. 2(a)(1). When there is such an order, a certification under Rule 54(b) is not necessary. Such a rule is very practical. Under it, the parties are able to appeal an order directing a judicial sale and have a determination of the issues at that time. If it were otherwise, and there were questions about the validity of sale, prospective bidders might not bid a reasonable amount because there would be a cloud over the matter, and no one wants to buy a lawsuit. Those issues can be finally determined under our procedure. As a separate matter, any questions concerning the validity and adequacy of the bids might be heard on a later appeal from the order confirming title.

In *Watanabe* v. *Webb*, 320 Ark. 375, 379-80, 896 S.W.2d 597 (1995), the supreme court followed *Scherz* v. *Mundaca Investment Corp., supra,* and *Alberty* v. *Wideman, supra,* in dismissing an appeal from a foreclosure decree because the appellants' notice

of appeal was not filed within thirty days. The court did, however, hear that part of the appeal dealing with the trial court's confirmation order, from which a timely notice of appeal was filed.

■ Rule 4(a) of the Arkansas Rules of Appellate Procedure controls the time in which an appeal must be filed and provides: "Except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." The failure to file a timely notice of appeal deprives this court of jurisdiction. *Williams* v. *Hudson*, 320 Ark. 635, 636, 898 S.W.2d 465 (1995); *Rossi* v. *Rossi*, 319 Ark. 373, 374, 892 S.W.2d 246 (1995).

■ We therefore hold that the April 30, 1993, decision was not a final order from which appellants should have filed a timely notice of appeal. However, the only issues for which a timely appeal has been taken relate to the confirmation and approval of the report of the foreclosure sale, and appellants have not alleged error in that sale. Because appellants did not file their notice of appeal within thirty days from the entry of the November 16, 1993, consent decree, which was final and appealable, this court lacks jurisdiction to hear this appeal.

Dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree to dismiss the appeal in this case. Even a casual reading of the majority opinion discloses that "when the appellate court thinks the trial court's judgment is a final, appealable order" is not a very satisfactory guide for the trial attorney to use in making the decision of when to file a notice of appeal. Especially is this true since the premature filing of the notice of appeal no longer allows it to become effective when the appealable order is actually filed.

Therefore, I think the better course to follow is to decide the case on its merits if the question of when to appeal is doubtful. And I think there is enough doubt here that I am not willing to simply *say* that all of the appellants' argument is based upon alleged errors in the April 30, 1993, decision and therefore dismiss the appeal.