Benjamin H. JORDAN, Sr., d/b/a
Mid–South Masonry & Mechanical Company and
Amwest Surety Insurance Company *v.* Carrie THOMAS

98-139 964 S.W.2d 399

Supreme Court of Arkansas
Opinion delivered March 12, 1998

*Benjamin Jordan, Sr.*, for appellants.

*Skokos, Bequette & Billingsley, P.A.*, by: *Keith I. Billingsley*, for appellee.

PER CURIAM. Appellant Benjamin Jordan, Sr., has filed a motion for a rule on the clerk. The motion reflects that on May 29, 1997, the Pulaski County Circuit Court entered a judgment in

favor of appellee Carrie Thomas on her claim against appellants for breach of a construction agreement. Subsequently, the trial court entered an order dismissing Jordan's personal counterclaim for damages on July 1, 1997. Jordan tendered the record from the trial court to the clerk of this court on October 29, 1997; however, the clerk refused to accept the tender of the record on the basis that it was untimely. Jordan did not pursue the matter until February 6, 1998, when he filed his motion for rule on the clerk.

 Upon our review of the record, we conclude that the trial court's May 29, 1997, decree, which granted judgment in favor of appellee, was not appealable because it did not adjudicate all of the claims of the parties. *See* Ark. R. Civ. P. 54(b); *String v. Kazi*, 312 Ark. 6, 846 S.W.2d 649 (1993). The trial court did not enter an order dismissing Jordan's counterclaim until July 1, 1997. Jordan filed a notice of appeal from the July 1 order on July 31, 1997, and he attempted to tender the record on October 29, 1997, the ninetieth day following his notice of appeal. Under Rule 5 of the Rules of Appellate Procedure, Jordan's tender of the record was timely, and the clerk erred in refusing to docket the appeal and file the record. However, we note that Jordan cannot perfect an appeal on behalf of Amwest Surety Insurance Company because a corporation must be represented by a licensed attorney. *See McAdams v. Pulaski County Circuit Court*, 330 Ark. 848, 956 S.W.2d 869 (1997) (per curiam). Jordan is not an attorney, and he cannot perfect an appeal on behalf of the corporation. Accordingly, the motion for rule on the clerk is granted in part.