Pauline HARTWICK *v.* Bradley R. HILL
and Connie Lee Hill

CA 01-891                                    73 S.W.3d 15

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 2002

[Petition for rehearing denied July 3, 2002]

*Morgan & Tester, P.A.*, by: *M. Edward Morgan*, for appellant.

*Phil Stratton*, for appellees.

S AM BIRD, Judge. Appellant, Pauline Hartwick, appeals from an order of the circuit court that granted a roadway

across Hartwick's land to the appellees, Bradley and Connie Hill, who own land adjacent to Hartwick's. The Hills had petitioned the county court for the establishment of a roadway across Hartwick's land pursuant to Ark. Code Ann. § 27-66-401 (Repl. 1994). The county court denied this petition, finding that the Hills had failed to prove the necessity for a roadway across Hartwick's land because, according to the evidence, the Hills had access to their land by virtue of their permissive use of a roadway that crossed the land of another adjacent owner. The circuit court, finding that absolute necessity is not required under section 27-66-401, reversed and ordered the delivery of a clerk's deed conveying to the Hills fee simple title to a thirty-foot strip of Hartwick's land on which the proposed roadway would lie.

Hartwick raises several points on appeal; however, we are unable to reach the merits of her arguments due to her failure to timely appeal the circuit court's order that she challenges. We agree with the Hills' argument that Hartwick did not timely appeal from the February 2, 2001, order of the court that granted the roadway to the Hills. Instead, Hartwick has appealed only from the court's May 10, 2001, order that served no purpose other than to authorize the clerk to deliver a $2,640 check to appellant for the amount of damages assessed against the appellees for the taking of the roadway. Appellees argue, and we agree, that the February 2, 2001, order was a final order for purposes of appeal. Because appellant's notice of appeal was not filed until May 18, 2001, it was not timely to appeal the court's February 2, 2001, order.

Whether an order is final and appealable is a matter going to the jurisdiction of the appellate court. *Scherz v. Mundaca Inv. Corp.*, 318 Ark. 595, 886 S.W.2d 631 (1994) (dismissing the appeal as untimely when a foreclosure order was final and appealable but the party did not file the notice of appeal from this order within the thirty days from the filing of the decree). A final order is one that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). A final order is one that is of such a nature as to not only decide the rights of the parties, but also to

put the court's directive into execution, ending the litigation or a separable part of it. *See id.* A final judgment or decision is one that finally adjudicates the rights of the parties, putting it beyond the power of the court that made it to place the parties in their original positions; it must be such a final determination of the issues as may be enforced by execution or in some other appropriate manner. *Budget Tire & Supply Co. v. First Nat'l Bank of Fort Smith,* 51 Ark. App. 188, 912 S.W.2d 938 (1995). The finality of an order is not defeated because it contemplates further action that is ministerial and in furtherance of the enforcement of the court's decision. *See Smith v. Smith,* 51 Ark. App. 20, 907 S.W.2d 755 (1995).

By the order filed February 2, 2001, the trial judge accepted and adopted the report of viewers who had been earlier appointed to examine the land and lay out the location of a roadway, described the location of the road way to be granted, ordered the Hills to have a survey conducted to determine the precise acreage within the roadway, established that Hartwick would incur damages in the amount of $6,000 per acre due to the loss of the land for the roadway, and ordered that a deed containing a description of the land resulting from the survey be delivered to the Hills upon payment of the damages. Any further action contemplated by this order was collateral, ministerial, and in furtherance of the enforcement of the court's decision. *See Smith, supra.*

Collateral action is action that does not make any direct step toward final disposition of the merits of a case, will not be merged in the final judgment, is not an ingredient of the cause of action, and does not require consideration with the main cause of action. Such collateral and ministerial orders need not be final for purposes of Arkansas Rule of Civil Procedure 54 or Arkansas Rule of Appellate Procedure 2. *Pledger v. Bosnick,* 306 Ark. 45, 811 S.W.2d 286 (1991), *overruled on other grounds by State v. Staton,* 325 Ark. 341, 942 S.W.2d 804 (1996). The entry of orders pertaining to collateral and ministerial matters does not convert a final order into an order that is not final. *See id.*

The future action contemplated by the February 2, 2001, order included the obtaining of a survey reflecting the precise

acreage in the roadway; the application of the $6,000 per acre formula that was ordered by the court as damages in the February 2, 2001, order; and the preparation and delivery of a deed upon payment of the damages. These actions are collateral to the main issues before the court, which was whether the Hills were entitled to a roadway across Hartwick's land pursuant to Ark. Code Ann. § 27-66-401 and the amount of damages to be paid therefor. To appeal the merits of this case, Hartwick had thirty days from February 2, 2001, in which to file an appeal. *See* Ark. R. App. P.— Civ. 4.

■ Hartwick's appeal was filed on May 18, 2001, and designated as the order from which the appeal was taken only the May 10, 2001, order by which the court authorized the clerk to release to Hartwick the funds that had been paid by the Hills into the court registry as damages. Hartwick does not contend on appeal that the trial court erred in its act of releasing the funds, which was the only purpose and effect of the May 10, 2001, order. Hartwick's arguments on appeal relate to the alleged error of the trial court in granting the roadway, in allowing the Hills to place utilities on the roadway, and ordering the transfer to the Hills of fee simple title to it. Therefore, we conclude that the appeal from the May 10, 2001, order was ineffective to bring up for appellate review the actions of the trial court that were memorialized in its February 2, 2001, order.

■ In reaching this conclusion, we are not unmindful that the trial court entered another order on July 9, 2001, in which it found: (1) that its February 2, 2001, order "was not a final order because it did not provide for the payment of funds to [Hartwick]"; (2) that the "final order" from which Hartwick could appeal was the May 10, 2001, order that provided for the payment of funds to Hartwick; (3) that Hartwick's appeal from the May 10, 2001, order was timely. To the extent that the trial court's July 9 order was an attempt to extend the time for appealing from the February 2 order and to determine the jurisdiction of the appellate court to entertain this appeal, it is ineffective. Whether an order of the trial court is final and appealable is a matter within the jurisdiction of the appellate court. *See Capitol Life & Accident Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001). It is the duty

of the appellate court to determine whether it has jurisdiction to entertain the appeal. *Tucker v. Lakeview Sch. Dist. No. 25 of Phillips Co.*, 323 Ark. 693, 917 S.W.2d 530 (1996).

█ █ We are also aware that, prior to the submission of this appeal for its consideration on the merits by this division, this court, sitting *en banc*, denied, without written opinion, a motion by the Hills to dismiss Hartwick's appeal, raising the same arguments that they now raise in their brief. *Law or Chancery Mandate*, ·CA01-891, entered Dec. 5, 2001; *Motion to Dismiss Appeal*, CA01-891, filed Nov. 1, 2001. Hartwick asserts that the Hills' argument is now barred by the law-of-the-case doctrine. We disagree. The doctrine of the law of the case "prevents an issue raised in a prior appeal from being raised in a subsequent appeal unless the evidence materially varies between the two appeals." *Richardson v. Rogers*, 334 Ark. 606, 611, 976 S.W.2d 941, 944 (1998) (quoting *Vandiver v. Banks*, 331 Ark. 386, 391-92, 962 S.W.2d 349, 352 (1998)). The simple answer to Hartwick's argument is that the Hills' earlier motion was not made in a "prior appeal," but was made in the same appeal as that now under consideration. Although it is unusual, it is neither unheard of nor prohibited for this court to deny a presubmission motion, but to grant the motion following submission of the appeal. *See Simmons v. State*, 341 Ark. 251, 15 S.W.3d 344 (2000); *Simmons v. State*, 72 Ark. App. 238, 34 S.W.3d 768 (2000). This is because a thorough examination of the complete record on appeal and, where appropriate, the transcript of the record, provides more information for our consideration than is ordinarily made available to the court by the presubmission motions and briefs of the parties. Therefore, although the Hills' motion to dismiss this appeal was heretofore denied, following our thorough examination of the briefs and record, we are now persuaded that the February 2, 2001, order constituted the final order from which the appeal should have been taken.

Appeal dismissed.

VAUGHT and ROAF, JJ., agree.