Michael W. SEAY and Cheryl Seay, *Appellants/Cross-Appellees v.*
C.A.R. TRANSPORTATION BROKERAGE COMPANY, INC.,
*Appellee/Cross-Appellant,* and Regions Bank,
Rogers, Arkansas, *Appellee*

05-970                                    237 S.W.3d 48

Supreme Court of Arkansas
Opinion delivered June 15, 2006

*Zurborg Law Office*, by: *J. David Zurborg*, for appellants/cross-appellees.

*Hirsch Law Firm, P.A.*, by: *E. Kent Hirsch*, for appellee/cross-appellant, C.A.R. Transportation Brokerage Company, Inc.

*Boyer, Schrantz, Rhoads & Teague, P.A.*, by: *Ronald L. Boyer*, for appellee Regions Bank, Rogers, Arkansas.

DONALD L. CORBIN, Justice. Appellants/Cross-Appellees Michael W. Seay and Cheryl Seay (the Seays) appeal the judgment and order of the Benton County Circuit Court granting summary judgment in favor of Appellee Regions Bank and Appellee/Cross-Appellant C.A.R. Transportation Brokerage Company, Inc. (C.A.R. Transportation), and the conversion judgment in favor of C.A.R. Transportation. On appeal, the Seays raise two arguments for reversal: that the trial court (1) abused its discretion in dismissing their motion to set aside the foreclosure sale because it did not allow a reasonable time to elapse between the report of the judicial sale and entry of the order; and (2) erred in finding that Mr. Seay converted property of C.A.R. Transportation. C.A.R. Transportation cross-appeals, asserting that the circuit court erred (1) by not finding that Mrs. Seay converted property of C.A.R. Transportation; and (2) when it attached the equitable lien from the date of trial rather than the date when the equitable-lien request was filed. This case comes to us by certification from the court of appeals, thus jurisdiction is proper under Ark. Sup. Ct. R. 1–2(b)(5) and (6), as this case involves an issue in need of clarification of the law and an issue involving construction of a rule of the supreme court. We dismiss for lack of jurisdiction.

The Seays were the legal owners of the real property and "all equipment" at 507 Paige Boulevard, Lowell, Arkansas. They obtained a loan from Regions Bank that was secured by a mortgage on the real property at 507 Paige Boulevard, as well as "all equipment" at said property. After a default on the mortgage,

Regions Bank filed a foreclosure action. The circuit court granted foreclosure and ordered that the property be sold at a public sale. On November 18, 2003, a judicial sale was held and C.A.R. Transportation was the successful purchaser. Mr. Seay was also present at the foreclosure sale. The report of the sale was filed at 12:01 p.m. on November 18; 2003. On the following day, the circuit court signed the order confirming the sale. The order was filed on November 20, 2003, at 8:33 a.m. At 2:49 p.m., on the same day, the Seays filed a motion to set aside the foreclosure sale, alleging that the foreclosure decree did not specifically authorize a sale of the equipment and that the sale of both the real estate and the equipment as one unit served to reduce the price that could have been obtained had they been sold separately.

On November 20, 2003, Mr. Seay was served with a writ of assistance covering the equipment and fixtures at the property. The following day, November 21, Mr. Seay hired a wrecker service, Gayle Robbins and Mary Robbins, as well as others known and unknown, who removed equipment and fixtures from 507 Paige Boulevard. On that same day, the Seays were served with an order requiring that removal of equipment stop and that all equipment removed be returned to the property. After November 21, 2003, the Seays were served with additional court orders directing the return of property.

On January 12, 2004, C.A.R. Transportation filed a motion for summary judgment, arguing that the Seays' motion to set aside was untimely because it was filed after the entry of the order of confirmation. Additionally, on January 27, 2004, C.A.R. Transportation filed an amended response to the motion to set aside the foreclosure sale and counterclaimed for damages, alleging that the Seays had converted the equipment. The circuit court granted the motion for summary judgment on March 23, 2004, and reserved the issues of ownership, i.e., the conversion claim, for a later date. In its February 15, 2005, order, the circuit court found that Mr. Seay had converted the property of C.A.R. Transportation and found that the damages resulting from the conversion totaled $481,625. On February 15, C.A.R. Transportation filed a motion for reconsideration informing the circuit court that the February 15 order did not provide for judgment against Mrs. Seay and asking the court to find that she did convert C.A.R. Transportation's property. This motion was denied on February 18, 2005. This appeal followed.

## I. Motion to Set Aside the Foreclosure Sale

The Seays' first argument for reversal results from the circuit court's March 23, 2004, order granting C.A.R. Transportation's motion for summary judgment on the basis that the Seays' motion to set aside was not timely filed. Specifically, the Seays argue that the trial court did not allow a reasonable time to elapse between the report of the judicial sale and entry of the order of confirmation, so as to allow them a reasonable opportunity to lodge and file an objection to the sale. Prior to examining the Seays' first argument, it is necessary to examine the appealability of this order as it relates to the granting of summary judgment.[1] *See Stacks v. Marks*, 354 Ark. 594, 127 S.W.3d 483 (2003) (holding that the timely filing of a notice of appeal is jurisdictional, and we are required to raise the issue of subject-matter jurisdiction on our own motion); *Associates Fin. Servs. Co. of Okla., Inc. v. Crawford County Memorial Hosp., Inc.*, 297 Ark. 14, 759 S.W.2d 210 (1988) (holding that even if the parties do not raise the issue of the appealability of an order, it is the court's duty to determine whether jurisdiction exists to hear the appeal). Upon review, the Seays' notice of appeal, as it relates to the order granting summary judgment, was not timely filed. As such, we dismiss with prejudice the appeal on this point for lack of jurisdiction.

Ark. R. App. P.–Civ. 2(a)(2) provides that an appeal may be taken from a final judgment or decree entered by the circuit court. This court has held that a "decree confirming the foreclosure sale is a separate, final, and appealable order, and a notice of appeal must be given within thirty days of that decree." *McAdams v. Automotive Rentals, Inc.*, 319 Ark. 254, 256, 891 S.W.2d 52, 53 (1995), *cert. denied*, 519 U.S. 1013 (1996). However, Ark. R. App. P.–Civ. 4(b)(1) provides that:

> Upon timely filing in the circuit court of . . . any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be

---

[1] The court of appeals certified this case based primarily upon this issue — whether an otherwise final order is rendered not final for purposes of appeal because of the presence of a counterclaim on a severable, distinct branch of the litigation.

deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

A motion to set aside a foreclosure sale is a motion directed at setting aside an order of confirmation, and therefore it qualifies as a posttrial motion, which extends the time for filing a notice of appeal. *See McAdams*, 319 Ark. 254, 891 S.W.2d 52; *First Nat'l Bank of Lewisville v. Mayberry*, 366 Ark. 39, 233 S.W.3d. 152 (2006).

■ In the present case, the circuit court granted foreclosure and ordered that the property be sold at a public sale, which occurred on November 18, 2003. On November 19, 2003, the circuit court signed the order of confirmation of the sale. The order of confirmation was filed in the morning on November 20, 2003. That same day the Seays filed a motion to set aside the foreclosure sale. The circuit court did not rule on the motion until March 23, 2004, at which time it held that the motion to set aside was not timely filed and thus granted the motion for summary judgment on the issue of setting aside the foreclosure sale. Clearly, this is outside of the thirty-day window, provided by Rule 4(b)(1), for the circuit court to decide whether to grant or deny the motion to set aside. As such, the motion was deemed denied on December 20, 2003, and the Seays had until January 20, 2004, to file a notice of appeal. The Seays did not file a notice of appeal until March 14, 2005. Thus, because the motion to set aside was deemed denied on December 20, 2003, and the notice of appeal was not filed until March 14, 2005, the Seays' notice of appeal was untimely. We lack jurisdiction to hear the appeal on the summary judgment issue and, thus, dismiss with prejudice.

## II. Conversion Claim

■ The Seays' second argument on direct appeal and C.A.R. Transportation's first argument on cross-appeal both stem from the circuit court's February 15, 2005, judgment as it relates to C.A.R. Transportation's conversion claim against both Mr. and Mrs. Seay. However, upon review, the circuit court did not make a ruling as to the liability of both the Seays in regards to the conversion claim. In its February 15 order, the circuit court found that Mr. Seay converted the property of C.A.R. Transportation. At no point did the circuit court rule on the conversion claim against Mrs. Seay. Therefore, the conversion claim is still pending

as it relates to Mrs. Seay, and the February 15 order was not a final, appealable order since it did not dispose of all pending claims.

It has long been the law that we will not decide the merits of an appeal when the order appealed from is not a final order. *See* Ark. R. App. P.–Civ. 2(a)(2). This court has held that, even if a circuit court entered judgment on a plaintiff's claim, the decree is not appealable until an order dealing with the defendant's counterclaim was entered because the earlier judgment did not adjudicate all of the claims of the parties. *See Jordan v. Thomas*, 332 Ark. 268, 964 S.W.2d 399 (1998). Nevertheless, under Ark. R. App. P. –Civ. 2(a)(11), an appeal may be taken from:

> an order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure[.]

This court has said many times that the failure to comply with Rule 54(b) and to adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See Coleman v. Regions Bank*, 364 Ark. 85, 216 S.W.3d 579 (2005); *Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998); *Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996). Because a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, we must raise the issue on our own. *Id.*

■ In the present case, the circuit court did not issue a ruling as to the conversion claim against Mrs. Seay nor has it complied with Rule 54(b). Although C.A.R. Transportation filed a motion for reconsideration asking the circuit court to enter a judgment as to this specific issue, the circuit court denied this motion. The February 18, 2005, denial of C.A.R. Transportation's motion for reconsideration does not make any reference to or factual finding on the conversion claim against Mrs. Seay. In light of this, we conclude that the circuit court's order is not appealable, and we lack the jurisdiction to proceed. Specifically, any contrary conclusion would require us to speculate as to the

circuit court's ruling on the conversion claim against Mrs. Seay, and this we simply will not do. *See Hodges*, 333 Ark. 247, 968 S.W.2d 619.

■ Lastly, as the February 15 order was not a final, appealable order, we do not reach C.A.R. Transportation's second argument on cross-appeal seeking to reverse the attachment date of the equitable lien.

Dismissed with prejudice in part; dismissed without prejudice in part.