## FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC. *v.* H. W. KIZZIAR and Jessamine KIZZIAR

CA 80-458                                        613 S.W. 2d 401

### Court of Appeals of Arkansas
Opinion delivered March 25, 1981

*Laser, Sharp & Huckabay*, for appellant.

*Cliff Jackson*, for appellees.

GEORGE K. CRACRAFT, Judge. The appellant, Farm Bureau Mutual Insurance Company of Arkansas, Inc., appeals from an award of attorney's fee against it in the amount of $20,000 pursuant to provisions of Ark. Stat. Ann. § 66-3238 (Repl. 1980), asserting that the award was excessive. Appellees, Kizziars, cross-appeal stating that the award was inadequate.

The appellees were engaged in an egg production business in Hot Spring County, as a part of which they maintained two separate chicken houses. In January of 1978, during a severe winter storm accompanied by substantial amounts of snow and other forms of frozen precipitation the appellees' chicken houses collapsed. The policy of insur-

ance issued by the appellant to the appellees insured the chicken houses against loss "by wind and hail," but specifically excluded loss due to "ice, snow or snowstorm." The appellant denied liability under the policy on the ground that the loss in question was the result of ice, snow or snowstorm, and was therefore excluded. Appellees contend that the loss was not the result of ice or snow but the result of hail and sleet which were not excluded. The case was tried to a jury which found that the loss resulted from sleet and was not therefore within the exclusion, and returned a verdict for the face amount of the policies of $76,000. Subsequently the trial court, after hearing evidence on the value of the attorney's services, entered judgment for the amount awarded by the jury plus twelve percent penalty, and awarded a $20,000 attorney's fee. The appeal and cross-appeal are taken only from that part of the judgment awarding attorney's fees.

Appellant contends that the award was grossly excessive, that the court did not properly consider the governing factors to be taken into consideration in an award of attorney's fee, and considered elements which were improper. In *Equitable Life Assurance Society v. Rummell*, 257 Ark. 90, 514 S.W. 2d 224, the court declared that the purpose of this statute is to permit an insured to obtain the services of a competent attorney and the amount of the allowance should be such as well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough preparation. It contemplates not a speculative or contingent fee, but such a fee as would be reasonable for a litigant to pay his attorney for prosecuting such a case.

In *Rummell* the court reaffirmed its prior declarations in *Old Republic Insurance Co. v. Alexander*, 245 Ark. 1029, 436 S.W. 2d 829, as to the necessary factors to be considered:

> In *Old Republic* we enumerated as pertinent factors to be considered in a case such as this the time and amount of work required of the attorney, the ability to meet the issues that arise and the sum recovered or the amount involved in the action. Similar factors to be used as guides to determining reasonableness of a fee are set out in the Code of Professional Responsibility promul-

gated by the American Bar Association and adopted by this court. See DR 2-106 (B); EC 2-18. They are:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal services.

4. The amount involved and the results obtained.

5. The time limitations imposed by the client or by the circumstances.

6. The nature and length of the professional relationship with the client.

7. The experience, reputation, and ability of the lawyer or lawyers performing the services.

8. Whether the fee is fixed or contingent.

Appellees' attorney testified, and two expert witnesses agreed, that the question presented by this case was a most novel one in this state and required extensive research and skill in its presentation.

The attorney testified that although he did not keep accurate time records, he had carefully reviewed his file and was definite in his assertion that he and his partners had expended in excess of two hundred and fifty hours in preparation and trial of this case. He and his expert witnesses, Winslow Drummond, an attorney with vast experience in defending such cases, and William Wilson, an attorney with similar experience in prosecuting such cases, all testified that they had given careful consideration to each of the factors set out in *Old Republic* and that in their opinion a reason-

able fee in this case should not be less than $25,000.

The appellant urges as ground for reversal that appellees' attorney at no time submitted an itemized list or time sheets reflecting with accuracy the number of hours expended, relying on language in *Old Republic* as follows:

> We find nothing affording any satisfactory means by which the time and effort spent in preparation for trial can be measured with any degree of accuracy. We are unaware of resort to this important factor in the trial judge's award, as his only reference to any guideline was his consideration of the *responsibility* assumed by the attorney in accepting employment and preparation for trial. These factors alone do not, in our opinion, support the amount allowed. (Emphasis supplied.)

In *Old Republic* no testimony was taken by the court on the award of attorney's fees. The attorney did not testify with regard to the time expended or other factors pertinent to the issue. There were no supporting opinions from others who were knowledgeable of the facts and circumstances. In the case at bar appellees' attorney did so testify and each of the experts who testified in his behalf, as well as the court, had that information before them in arriving at their respective determinations of what would constitute a reasonable fee.

It is apparent from the testimony of all three attorneys who testified with regard to the fees, that they had arrived at their determination of a reasonable fee by considering and following the accepted guidelines laid down in *Old Republic*.

The fact that the court in its discretion awarded a lesser sum does not warrant reversal. The allowance of fees by the trial court must be affirmed unless the appellant demonstrates, or the record shows, that the allowance is excessive, inadequate or unreasonable. We recognize the superior perspective of the trial judge in assessing the evidence bearing on the applicable factors because of his intimate acquaintance with the record and the quality of services rendered. There is no fixed formula or policy to be consid-

ered in arriving at such fees other than the rule that the appropriately broad discretion of the trial court in such matters must not be abused. *Equitable Life Assurance Society* v. *Rummell*, supra; *Federal Home Life Insurance Co.* v. *Hase*, 193 Ark. 816, 102 S.W. 2d 841.

We cannot find that the appellant has demonstrated or that the record shows that the trial court abused his discretion in making the allowance.

We affirm.

COOPER, J., and GLAZE, J., not participating.