SLIP OPINION     Cite as 2014 Ark. App. 287

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-1145

| | |
|---|---|
| MARIANNE ROBINSON | **Opinion Delivered** May 7, 2014 |
| APPELLANT | APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. DR-11-305] |
| V. | |
| CHARLES LINDSEY | HONORABLE ADAM HARKEY, JUDGE |
| APPELLEE | |
| | APPEAL DISMISSED |

**DAVID M. GLOVER, Judge**

In this single-brief case, Marianne Robinson seeks reversal of the trial court's division of property in her divorce from Charles Lindsey. She contends that the division was not equitable and that it should be reversed. Because the divorce decree is not a final, appealable order, we dismiss the appeal.

As we explained in *Nix v. Nix*, 2014 Ark. App. 162 (citing Rule 2(a)(1) of the Rules of Appellate Procedure–Civil), an appeal may be taken from a final judgment or decree entered by the trial court. When the appealed order is not final, however, we will not decide the merits of the appeal. Whether a final judgment, decree, or order exists is a jurisdictional issue that we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Nix*, *supra*; *Wadley v. Wadley*, 2010 Ark. App. 733.

SLIP OPINION

For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Nix*, *supra*. The order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id*. An order is not final when it adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties. *Id*. Particularly applicable to the instant appeal, where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id*. In *Nix*, we determined that several matters had been left undecided between the parties, including whether they would agree on a realtor and a listing price regarding the ordered sale of their marital home. Because the relief granted was in part conditioned upon the future actions of the parties that might or might not occur, we determined that there was not a final, appealable order and dismissed the appeal.

In the instant case, also, some matters between the parties have been left undecided. For example, paragraph 11 of the decree provides:

> 11. That this Court has instructed the Plaintiff and Defendant's Attorneys to agree upon an auctioneer, and if the parties cannot agree to an auctioneer, the Court will offer its assistance, and in the event the parties are unable to make any resolution as to disposing of the property and/or the Lake House and the Antioch House, it shall all be sold, a balancing of accounts (including offsets, contributions or other matters) shall be effected and then the proceeds of the sale divided between the parties. That the Court instructed the attorneys to use the date of separation as to placing the values on the checking account, savings account and any other financial accounts, and whatever balance was at the date of the separation of the parties shall [last portion of this sentence seemingly omitted from decree].



Accordingly, as in the cases we have previously cited in this opinion, the relief granted was in part conditioned upon the future actions of the parties, which may or may not occur. Thus, there is no final, appealable order, and neither has a Rule 54(b) certificate been filed.

Appeal dismissed.

GLADWIN, C.J., and HIXSON, J., agree.

*Schmidt Law Firm, PLC*, by: *Paul A. Schmidt, Sr.*, for appellant.

No response.