SLIP OPINION

Cite as 2014 Ark. App. 643

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-397

| | |
|---|---|
| | **Opinion Delivered** November 12, 2014 |
| HOMER EUGENE BROWN AND TAMMY LYNN BROWN<br>APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-12-2280] |
| V. | HONORABLE BRADLEY LEWIS KARREN, JUDGE |
| UNITED BANK ET AL.<br>APPELLEES | DISMISSED |

## LARRY D. VAUGHT, Judge

This is a foreclosure case. On January 23, 2014, the Circuit Court of Benton County entered three orders: one denying the motion to set aside a foreclosure sale filed by appellants, Tammy and Homer Brown; a second setting a hearing on surplus funds; and a third confirming the foreclosure sale. On January 31, 2014, the trial court entered an amended order confirming the foreclosure sale. On February 6, 2014, the Browns filed a notice of appeal, arguing that the trial court abused its discretion in failing to set aside the foreclosure sale and that the trial court erred in failing to enforce an oral contract between the Browns' counsel and counsel of separate appellee, United Bank. We dismiss for lack of jurisdiction.

On June 20, 2012, the Browns executed a promissory note in favor of United Bank in the amount of $44,809.62. That same day, the Browns executed a mortgage on their home and real property in favor of United Bank to secure the loan. When the Browns defaulted on the loan, United Bank filed a foreclosure complaint and an amended foreclosure complaint against

SLIP OPINION

the Browns (and others with purported interests in the property), alleging that the Browns were in default on the loan and owed United Bank $47,083.89 plus interest. United also alleged that the Browns owed it $26,327.18 in insurance proceeds resulting from a homeowner's claim. The Browns answered the foreclosure complaint and filed a counterclaim against United Bank, alleging predatory-mortgage servicing, breach of fiduciary duty, abuse of process, civil conspiracy, constructive fraud, and violations of the Arkansas Deceptive Trade Practices Act.

On October 1, 2013, the trial court entered an agreed decree of foreclosure and dismissal of the counterclaim following an August 5, 2013 hearing. In relevant part, the decree stated that United Bank was entitled to judgment against the Browns in the amount of $71,496.64 plus interest; that United Bank would refrain from conducting a Commissioner's sale of the real property for sixty days; that the Browns had sixty days from the date of the agreed decree to tender the total amount of the judgment and upon tender United Bank would convey the property to the Browns; that if the Browns failed to pay United Bank the judgment, then United Bank could conduct a public sale through the Commissioner; that United Bank's right to foreclose was absolute on the sixtieth day after the agreed decree of foreclosure; and that the Browns' counterclaim was dismissed with prejudice.

The Browns did not tender payment to United Bank within the sixty-day period. On November 18, 2013, United Bank filed a notice of a commissioner's sale. The notice stated that the sale of the Browns' property would be held at 10:00 a.m. on December 16, 2013. On November 25, 2013, United Bank published notice of the December 16, 2013 sale in the Northwest Arkansas Newspapers.

SLIP OPINION

The foreclosure sale was held December 16, 2013. Neither the Browns nor their counsel attended the sale. The Browns' property was purchased by KSBD, LLC, and Shane Miller for $135,000. On December 26, 2013, the Browns filed a motion to set aside the foreclosure sale. After a hearing on the Browns' motion,[1] the trial court denied the Browns' motion to set aside the foreclosure sale. Thereafter, on January 23, 2014, the trial court entered three separate orders (1) denying the Browns' motion to set aside the sale and granting the purchasers' motion to intervene; (2) setting a hearing on the surplus funds from the sale; and (3) confirming the foreclosure sale. The order confirming the sale listed KSBD, LLC, as the sole purchaser of the Browns' property—but it did not include Shane Miller. On January 31, 2014, the trial court entered an amended order confirming the foreclosure sale. The amended order added Shane Miller, along with KSBD, LLC, as purchaser of the Browns' property. The Browns filed a notice of appeal on February 6, 2014. The notice stated that "[t]he order appealed from is the order entered on the 23rd day of January, 2014." We cannot reach the merits of the Browns' appeal because they failed to appeal from the only final, appealable order entered in this case.

Rule 2(a)(1) of the Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. *Robinson v. Lindsey*, 2014 Ark. App. 287, at 1. When the appealed order is not final, however, we will not decide the merits of the appeal. *Id.* Whether a final judgment, decree, or order exists is a jurisdictional issue that we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* For

---

[1]At the hearing, counsel for the purchasers of the Browns' property, KSBD, LLC, and Shane Miller, moved to intervene; the motion was granted by the trial court.

a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* at 1–2. The order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id.* at 2. An order is not final when it adjudicates fewer than all of the claims or rights and liabilities of fewer than all the parties. *Id.*

Generally, a decree confirming a foreclosure sale is a separate, final, and appealable order, and a notice of appeal must be given within thirty days of that decree. *Budget Tire & Supply Co. v. First Nat'l Bank of Fort Smith*, 51 Ark. App. 188, 193, 912 S.W.2d 938, 941 (1995). Decrees confirming a foreclosure sale are final because they place the court's directive into execution and no additional orders are required prior to a foreclosure sale. *Id.*, 912 S.W.2d at 941. However, an order determining the parties' rights and obligations in a foreclosure action but failing to provide for execution and indicating that further judicial action would be necessary before foreclosure and execution would be ordered is not a final, appealable order. *Id.*, 912 S.W.2d at 940.

The Browns' February 6, 2014 notice of appeal stated that "[t]he order appealed from is the order entered on the 23rd day of January, 2014." As set forth above, there were three orders entered on January 23, 2014. While it is not clear from the face of the notice of appeal which order the Browns are appealing, only one of the three orders could be a final, appealable order—the order confirming the sale.[2] *Id.*, 912 S.W.2d at 941. However, this order is not the

_____

[2]The January 23, 2014 order denying the motion to set aside the foreclosure sale is not a final, appealable order because it did not place the court's directive into execution and additional orders were required prior to a foreclosure sale, i.e., the order confirming the foreclosure sale. *Budget Tire*, 51 Ark. App. at 193, 912 S.W.2d at 941.

SLIP OPINION

final, appealable order in this case because it did not dispose of the rights of Miller, one of the purchasers of the Browns' property. In their brief, the Browns concede that Miller is a party interested in the outcome of this proceeding. He was represented at, and participated in, the hearing held January 10, 2014. Because the January 23 order confirming the foreclosure sale adjudicated fewer than all the claims or rights and liabilities of fewer than all the parties, it is not a final, appealable order. *Robinson*, 2014 Ark. App. 287, at 2.

The only final, appealable order in this case was the January 31, 2014 amended order confirming the sale. This order included Miller, which had the effect of determining all of the parties' rights and obligations in this foreclosure action and placing the court's directive into execution so that no additional orders were required prior to a foreclosure sale. *Budget Tire*, 51 Ark. App. at 193, 912 S.W.2d at 941. However, the Browns' February 6, 2014 notice of appeal did not designate the January 31, 2014 amended order confirming the foreclosure sale. And this amended order was filed of record at the time the Browns filed their notice.

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall "designate the judgment, decree, order or part thereof appealed from . . .[.]" Ark. R. App. P.–Civ. 3(e)(ii) (2014). Orders not mentioned in a notice of appeal are not properly before the appellate court. *Id.*; *Racine v. Nelson*, 2011 Ark. 50, at 9, 378 S.W.3d 93, 99. Because the Browns' notice of appeal did not state that they were appealing from the only final, appealable order—the January 31, 2014 amended order confirming the foreclosure sale—we hold that the Browns' notice of appeal is fatally deficient, and we lack jurisdiction to hear this case.

We acknowledge that only substantial compliance with the procedural steps set forth in Rule 3(e) is required. *Jewell v. Moser*, 2012 Ark. 267, at 4. A notice of appeal that fails to designate the judgment or order appealed from as required under Rule 3(e) is deficient, but such a defect is not necessarily fatal to the notice where it is clear what order the appellant is appealing and the notice was filed timely as to that order. *Id.* Substantial compliance has also been found in cases where there had been a scrivener's error. *Duncan v. Duncan*, 2009 Ark. 565, at 5 (holding that the appellant's notice of appeal was not fatally flawed where the date of the order in the notice was incorrect because it was clear from her arguments on appeal what order she was appealing). Here, the Browns' notice of appeal—filed February 6, 2014—appealed only from a January 23 order. It omitted the January 31, 2014 amended order entirely. There is no evidence of a scrivener's error, and it is not clear from their arguments on appeal that they are appealing the January 31 amended order. This is not substantial compliance.

For these reasons, we dismiss the appeal.

Dismissed.

GLOVER and WOOD, JJ., agree.

*Don Brady*, for appellants.

*Taylor Law Partners, LLP*, by: *William B. Putman*, for appellees.