SLIP OPINION

Cite as 2015 Ark. App. 560

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-347

|  |  |
|---|---|
| | **Opinion Delivered** October 7, 2015 |
| ARKANSAS FEDERAL CREDIT UNION<br>APPELLANT | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>FIFTH DIVISION<br>[No. 60CV-12-4058] |
| V. | |
| | HONORABLE WENDELL GRIFFEN,<br>JUDGE |
| ELEANOR PIGG<br>APPELLEE | DISMISSED IN PART; AFFIRMED IN PART |

## LARRY D. VAUGHT, Judge

This is appellant Arkansas Federal Credit Union's (AFCU) second appeal to this court in an attempt to collect the balance due on a Visa credit card issued to appellee Eleanor Pigg and her husband. AFCU now appeals from a judgment entered on November 14, 2014, in favor of Pigg, awarding her $31.36, plus costs and attorney's fees. We dismiss in part[1] and affirm in part.

On May 15, 1992, Pigg and her husband, Arealous Pigg (now deceased), entered into a permanent loan agreement with AFCU for a Visa credit card. Payments on the Visa card ceased in March 2012, and there was an $8,148.98 balance due as of July 30, 2012. AFCU filed a lawsuit in the Pulaski County Circuit Court on August 27, 2012, to recover the amount owed on the account. A bench trial took place on June 5, 2013.

---

[1] Pigg filed a motion to dismiss the appeal on the basis that AFCU did not timely perfect an appeal from the November 14, 2014 order. By this opinion, we grant Pigg's motion to dismiss as to the issues determined in the November 14, 2014 order.

SLIP OPINION

At the conclusion of AFCU's case, the circuit court granted Pigg's motion to dismiss, finding that AFCU had failed to prove that Pigg had used the credit card, authorized the charges, or benefited from the charges incurred. AFCU appealed the July 11, 2013 judgment, which awarded Pigg attorney's fees and costs in the amount of $7,546.

In an opinion delivered May 7, 2014, we reversed the circuit court's decision, holding that the executed loan agreement provided the necessary proof of authorization to survive the motion to dismiss and that the circuit court erroneously required AFCU to prove that Pigg used or benefited from the credit card or authorized individual charges made by her husband. We reversed and remanded for further proceedings consistent with the opinion, and we reversed the award of attorney's fees and costs to Pigg as she was no longer the prevailing party.[2]

On remand, the circuit court, in an order filed November 14, 2014, found that the evidence failed to establish that Pigg owed $8,148.98 in damages. The circuit court wrote that "[AFCU] has provided the Court with no proof that [Pigg] agreed to the account balance of $8,148.98. In fact, there is no evidence in this record that there was an account stated. Therefore, the burden remained on [AFCU] to establish by a preponderance of the evidence that [Pigg] is liable for $8,148.98." In regard to an April 1, 2012 billing statement, the circuit court stated that "[t]hough the April 1, 2012 billing statement shows a previous balance of $8,643.33, there are no records of the debits and credits in evidence to support [Pigg's] liability for this amount. The April 1, 2012 statement shows a $31.36 credit to [Pigg]. [Pigg] is entitled to this amount." The circuit court entered a judgment for Pigg in the

---

[2] *See Ark. Fed. Credit Union v. Pigg*, 2014 Ark. App. 279.

SLIP OPINION

amount of $31.36 plus costs and attorney's fees, and directed Pigg to submit an affidavit of costs and fees within ten days.

On January 5, 2015, the circuit court entered an order awarding Pigg $46 in costs and $10,070 in attorney's fees.[3] AFCU did not file a notice of appeal from the November 14, 2014 order, but filed a notice of appeal from the January 2015 order, which makes no mention of the November 14, 2014 order.

AFCU argues on appeal that the circuit court's decision to deny its request for a judgment in the alleged amount is improper because the evidence presented was sufficient to meet its burden of proof to prove damages in a credit-card case; the circuit court's decision to award a judgment in favor of Pigg was improper because Pigg did not file formal pleadings requesting any recovery for damages, nor did she make a request on the record for such; and the attorney's fees granted Pigg are unreasonable in accordance with the factors set out in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 800 S.W.2d 717 (1990). We cannot reach the merits of AFCU's first two arguments because AFCU failed to file a notice of appeal from the November 14, 2014 order.

Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal must be filed within thirty days from the entry of the judgment that is being appealed. Rule 4(b) provides for exceptions to this rule; however, the exceptions set out in Rule 4(b) do not apply to requests for attorney's fees. AFCU did not file a notice of appeal from the November 14 order, but instead filed a notice of appeal from the January 2015 order, which awarded attorney's fees and costs.

---

[3] The order indicated the total amount of judgment was $11,116; however, the correct total is $10, 116.

SLIP OPINION

Rule 2(a)(1) of the Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. *Brown v. United Bank*, 2014 Ark. App. 643, at 3, 448 S.W.3d 726, 729. When the appealed order is not final, however, we will not decide the merits of the appeal. *Id.*, 448 S.W.3d at 729. Whether a final judgment, decree, or order exists is a jurisdictional issue that we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.*, 448 S.W.3d at 729. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* at 4, 448 S.W.3d at 729. The order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id.*, 448 S.W.3d at 729. Where the order appealed from indicates that further proceedings are pending, which do not involve collateral matters, the order is not final. *Harold Ives Trucking v. Pro Transp., Inc.*, 341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000). An award of attorney's fees is a collateral matter. *Id.*, 19 S.W.3d at 602.

The November 14 order concluded the rights of the parties with regard to the subject matter at issue, leaving only the amount of fees and costs pending. Because the November 14 order was final and AFCU failed to file a notice of appeal from that order, we have no jurisdiction to reach the merits of AFCU's first two points on appeal.

For its final argument, AFCU contends that the amount of attorney's fees granted to Pigg are unreasonable in accordance with the factors set out in *Chrisco*. AFCU contends that the circuit court abused its discretion in awarding Pigg an "obnoxiously generous" amount of attorney's fees.

SLIP OPINION

The standard of review for an attorney-fee award is abuse of discretion. *S. Farm Bureau Cas. Ins. Co. v. Krouse*, 2010 Ark. App. 493, at 7–8, 375 S.W.3d 763, 768. There is no fixed formula in determining a reasonable attorney fee. *Id.* Factors to consider in a motion for attorney's fees include the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood that this legal work will preclude other legal employment if apparent to the client. *Chrisco*, 304 Ark. at 229, 800 S.W.2d 718–19 (1990). Due to the trial court's intimate acquaintance with the record and the quality of service rendered, we recognize the superior perspective of the trial court in assessing the applicable factors. *Phi Kappa Tau Hous. Corp. v. Wengert*, 350 Ark. 335, 341, 86 S.W.3d 856, 860 (2002). Accordingly, the amount of the award will be reversed only if the appellant can demonstrate that the trial court abused its discretion. *Id.*, 86 S.W.3d at 860.

After the November 14 order, which required Pigg to submit an affidavit of attorney's fees and costs, Pigg's attorney submitted a motion for attorney's fees that included an accounting of his time. AFCU filed a response to Pigg's motion for attorney's fees, making the same arguments that it raises on appeal. The circuit court granted the amount of attorney's fees and costs requested.

AFCU argues that the circuit court entered an arbitrary amount of fees in the blank line of its order and that the amount was unreasonable. However, the amount was not arbitrary, but instead, the amount requested was based on the accounting of Pigg's attorney's

time. In addition, both parties submitted detailed pleadings to the circuit court with respect to the attorney's fees. The circuit court was apprised of the fees by the arguments of both parties and chose to award the full amount requested by Pigg.

The allowance of fees by the trial court must be affirmed unless the appellant demonstrates, or the record shows, that the allowance is excessive, inadequate or unreasonable. *Farm Bureau Mut. Ins. Co. of Ark. v. Kizziar*, 1 Ark. App. 84, 88, 613 S.W.2d 401, 403 (1981). In *Kizziar*, we "recognize[d] the superior perspective of the trial judge in assessing the evidence bearing on the applicable factors because of his intimate acquaintance with the record and the quality of services rendered." "There is no fixed formula or policy to be considered in arriving at such fees other than the rule that the appropriately broad discretion of the trial court in such matters must not be abused." *Id.* at 88–89, 613 S.W.2d at 403.

The circuit court was presented with the identical arguments below and awarded the full amount of the fees and costs requested. We cannot say that the circuit court abused its discretion.

Dismissed in part; affirmed in part.

VIRDEN and GLOVER, JJ., agree.

*McGue Law Firm*, by: *Clinton D. McGue*, for appellant.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellee.