KAREN R. BAKER, Associate Justice
Appellants Larry Walther, Director of the Arkansas Department of Finance and Administration (DFA); Andrea Lea, State Auditor; Dennis Milligan, State Treasurer (collectively, the State); and the Central Arkansas Planning and Development District (the CAPDD) appeal from the Pulaski County Circuit Court's award of attorney's fees to appellee Mike Wilson in his illegal-exaction lawsuit that successfully challenged the constitutionality of certain legislative acts. This appeal stems from the circuit court's order awarding attorney's fees to Wilson in the amount of $ 323,266.53. The award was based on an illegal-exaction suit initiated by Wilson in 2015 alleging that certain legislative acts of 2015 appropriating funds from the Arkansas General Improvement Fund (GIF) to eight regional planning and development districts were unconstitutional. In Wilson v. Walther , 2017 Ark. 270, at 1, 527 S.W.3d 709, 711 ( Wilson I ), we agreed with Wilson and held that the acts were unconstitutional as written because they failed to state their district purpose in the bills. We reversed and remanded the matter and affirmed on cross-appeal.
On remand, Wilson sought a permanent injunction against the State enjoining disbursements under the authority of the acts in question, refund of funds and costs and fees. The sole issue on appeal relates to the circuit court's award of attorney's fees. The circuit court held a hearing and awarded $ 323,266.53 in attorney's fees (one-third of the remaining $ 969,799.60 GIF funds involved). The State timely appealed and presents three arguments regarding the one point on appeal: (1) the circuit court erred in finding Wilson's request for attorney's fees was not barred by sovereign immunity; (2) Wilson's recovery of attorney's fees is precluded as a matter of law; and (3) the circuit court's judgment in Wilson's favor did not result in the kind of substantial benefit that would warrant an exception from the normal attorney's-fee rules.
At issue is the circuit court's order from March 29, 2018, which stated in pertinent part:
Central Arkansas Planning and Development District, Inc. presently holds from the last legislative GIF appropriation funds remaining and unspent in the amount of $ 969,799.60.
....
By this lawsuit Plaintiff has conferred a benefit to taxpayers in the amount of the GIF funds appropriated but unspent. Plaintiff is, therefore, entitled to an award of attorney's fee of one-third (1/3) of the remaining GIF funds, or $ 323,266.53.
Central Arkansas Planning and Development District, Inc. shall pay the amount of this fee award into the Court's registry within thirty (30) days of the date of the entry of this order.
*899 Central Arkansas Planning and Development District, Inc. shall remit payment of the balance of the remaining GIF funds ($ 646,533.07) to the State Treasurer within thirty (30) days of the date of entry of this order.
On review, "our general rule relating to attorney's fees is well established and is that attorney's fees are not allowed except when expressly provided for by statute. Chrisco v. Sun Indus., Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). An award of attorney's fees will not be set aside absent an abuse of discretion. See Harris v. City of Fort Smith , 366 Ark. 277, 234 S.W.3d 875 (2006)." Hanners v. Giant Oil Co. of Ark. , 373 Ark. 418, 425, 284 S.W.3d 468, 474 (2008). Further, in awarding attorney's fees, we have explained that
[a]lthough there is no fixed formula in determining the computation of attorney's fees, the courts should be guided by recognized factors in making their decision, including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. State Farm Fire & Casualty Co. v. Stockton , 295 Ark. 560, 750 S.W.2d 945 (1988) ; Southall v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc. , 283 Ark. 335, 676 S.W.2d 228 (1984) ; New Hampshire Ins. Co. v. Quilantan , 269 Ark. 359, 601 S.W.2d 836 (1980).
We have also previously noted that due to the trial judge's intimate acquaintance with the record and the quality of service rendered, we usually recognize the superior perspective of the trial judge in assessing the applicable factors. Accordingly, an award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. State Farm Fire & Casualty Co. v. Stockton , supra.
Chrisco , 304 Ark. at 229-30, 800 S.W.2d at 718-19.
With these standards in mind, we turn to the State's point on appeal. The State first contends that Wilson is not entitled to an award of attorney's fees because it directly exposes the State to financial liability and is therefore barred by sovereign immunity. The State further asserts there is no statutory authority for attorney's fees. Additionally, the State contends that the circuit court erred in applying Lake View School District. No. 25 of Phillips County v. Huckabee , 340 Ark. 481, 10 S.W.3d 892 (2000), because in that case, the State agreed to pay attorney's fees, and here, the State has asserted that sovereign immunity bars recovery of attorney's fees since the beginning of the litigation. Wilson responds that he is not claiming a statutory basis for attorney's fees but was instead relying on Lake View in which this court held that a substantial benefit to the State had accrued because of Lake View's efforts and that attorney's fees should be awarded on this basis.
We begin with the State's argument that sovereign-immunity bars an attorney's fee award. Based on the record before us, the State's argument is misplaced because the State relinquished the funds; therefore, sovereign immunity is not an issue in this case. The record demonstrates that on September 13, 2015, the State disbursed $ 2,987,500 of appropriated funds from the GIF to the CAPDD. On February 12, 2016, Wilson filed suit challenging the constitutionality of the acts *900 that appropriated these funds from the GIF. Throughout the litigation, the CAPDD continued to retain the funds. On October 5, 2017, we announced our opinion in Wilson I , 2017 Ark. 270, 527 S.W.3d 709, and held that the acts at issue were unconstitutional. At that time, the CAPDD continued to hold the funds. On April 30, 2018, pursuant to the circuit court's order, the entirety of the $ 969,799.60 in GIF funds was deposited into the registry of the circuit court to remain there during the pendency of this appeal. Accordingly, at no point since the State relinquished the funds to the CAPDD on September 13, 2015, has the State had an interest in the funds. Despite the origination of the funds, once the funds were handed over to the CAPDD, the funds were no longer in State coffers or under State control. Simply put, when the $ 979,799.60 was transferred from the State coffers to a private entity, the State no longer exercised sovereignty over the funds. This "transfer" equates to an abandonment. Therefore, sovereign immunity is not applicable to this case.
Having determined that sovereign immunity is not at issue, we turn to our law regarding attorney's fees. Arkansas follows the American Rule that attorney's fees are not chargeable as costs in litigation except where the fees are expressly provided for by statute. Lake View , supra ; Millsap v. Lane , 288 Ark. 439, 706 S.W.2d 378 (1986) ; City of Hot Springs v. Creviston , 288 Ark. 286, 705 S.W.2d 415 (1986). We have, however, recognized two exceptions to that rule: (1) the "common fund" doctrine and (2) the "substantial benefit" rule. Millsap , supra. "An exception has been created to that rule where a plaintiff has created or augmented a common fund or where assets have been salvaged for the benefit of others as well as himself. Powell v. Henry , 267 Ark. 484, 592 S.W.2d 107 (1980) ; Trustees v. Greenough , supra. Note, The Counsel Fee in Stockholder's Derivative Suits , 39 Columbia L. Rev. 784 (1939). In such a situation, to allow the others to obtain the full benefit from the plaintiff's efforts without requiring contribution or charging the common fund for attorney fees would be to enrich the others unjustly at the expense of the plaintiff. Fleischmann Distilling Corp. v. Maier Brewing Co. , 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1966 [1967] )." Millsap , 288 Ark. at 442, 706 S.W.2d at 379-80.
Pursuant to the "substantial benefit" rule, the plaintiff may be awarded attorney's fees if the plaintiff's actions result in a substantial benefit to the class or to a business corporation, even when the benefit is not pecuniary and no fund has been created. Lake View , supra ; Millsap , supra. In Millsap , this court affirmed an award of attorney's fees when the plaintiff's derivative action preserved a large sum of corporate assets, which benefited the corporation. In Lake View , we also concluded that "a substantial economic benefit has accrued not only to the poorer school districts as a direct result of Lake View's efforts but to the state as a whole. With the gradual elimination of disparities in funding and opportunities for students and with the passage of Amendment 74, education in the State has unquestionably benefitted." Id. at 495, 10 S.W.3d at 900-01. In reaching that conclusion, we relied on evidence that there was an increase of over $ 100 million in public-school funding due to Lake View's efforts. Id. at 495-96, 10 S.W.3d at 900-01. We further noted, however, as follows:
We emphasize that this is a unique case with a unique set of circumstances. By upholding an eventual award of attorneys' fees today, as we do, we are not sanctioning attorneys' fees in all public-interest litigation or endorsing a new *901 exception to the American Rule. Nor are we advancing a particular method for paying those attorneys' fees, such as a contingent fee based on the economic benefit or the lodestar method. We further emphasize that we are wedded to no figure for attorneys' fees. All of that is for the chancery court to decide. We are simply holding that in this case, an economic benefit did accrue to the State of Arkansas due to Lake View's efforts and attorneys' fees should be awarded. Accordingly, we reverse the chancery court's decision denying attorneys' fees and remand for a determination of reasonable fees, after the compliance trial is completed. We leave it to the chancery court to determine what are reasonable fees, after taking into consideration all of the circumstances of this case. See Chrisco v. Sun Indus., Inc. , 304 Ark. 227, 800 S.W.2d 717 (1990). Because the State has benefitted, we hold that the State should pay the fees awarded.
Id. at 497, 10 S.W.3d at 902.
Here, like Lake View , sovereign immunity is not applicable, and a substantial benefit has been conferred to the benefit of the taxpayers. As we explained in Wilson I , "[T]he issues before us involve significant statewide public interest because they concern millions of dollars of taxpayer money." 2017 Ark. 270, at 9, 527 S.W.3d at 715 (emphasis added).
Having determined that attorney's fees are permitted in this case, we turn to the State's argument that we should remand this matter to the circuit court with instructions to employ the factors set forth in Chrisco , 304 Ark. 227, 800 S.W.2d 717. We agree. Based on the record before us, the circuit court did not make any findings with respect to what a reasonable attorney's fee would be in this case and awarded the one-third in fees that Wilson had requested. Accordingly, we remand to the circuit court for it to consider the Chrisco factors in determining whether the amount of fees requested by Wilson is reasonable under the circumstances.
Reversed and remanded.
Kemp, C.J., and Wood and Womack, JJ., dissent.