Cite as 2026 Ark. App. 269

# ARKANSAS COURT OF APPEALS

## DIVISION III
No. CV-24-763

JEFFREY S. UNDERWOOD

APPELLANT

V.

JODY DORAN, INDIVIDUALLY AND AS A
SHAREHOLDER AND MEMBER OF
CONWAY PRECISIONS PRODUCTS, INC.

APPELLEE

Opinion Delivered April 29, 2026

APPEAL FROM THE FAULKNER
COUNTY CIRCUIT COURT
[NO. 23CV-18-157]

HONORABLE SUSAN WEAVER,
JUDGE

AFFIRMED AS MODIFIED

## MIKE MURPHY, Judge

Appellant Jeff Underwood appeals the order of the Faulkner County Circuit Court

awarding appellee Jody Doran (formerly Jody Underwood) attorney's fees and costs following

a derivative action brought on behalf of Conway Precision Products, Inc. (CPPI). On appeal,

Jeff argues that the circuit court abused its discretion in awarding fees; alternatively, he argues

that a significant portion of the costs and fees that were awarded were improper. We agree

with his argument concerning costs and affirm as modified.

This is the second time these parties have appeared before this court. In *Underwood v.*

*Underwood*, 2024 Ark. App. 51, 684 S.W.3d 896, Jody sued Jeff individually and on behalf

of CPPI for breach of fiduciary duty, conversion, and collection of a shareholder loan. After

trial, the jury awarded CPPI $152,614 on the derivative claims for breach of fiduciary duty

and conversion and awarded Jody damages on her individual breach-of-fiduciary-duty claim,

but it found in Jeff's favor concerning the loan collection. Jody appealed, and Jeff cross-appealed. On appeal, we agreed with Jody and reversed and remanded the loan-collection claim, holding that there was no evidence that Jeff had performed the loan contract requirements. We affirmed on cross-appeal.

After trial, Jody moved for attorney's fees and costs, requesting $146,961.75 in fees and approximately $22,000 in costs. Jeff responded, arguing that no fees were recoverable because the underlying claims sounded in tort, and furthermore, Jody was not a prevailing party.

Alternatively, he argued that any award should be reduced because the request included fees and costs that are not recoverable under Arkansas law: clerical and administrative work, fees attributable to unidentified billers, and costs for an expert witness.

The circuit court held a hearing on the motion and took the matter under advisement. In the following order awarding Jody costs and half of the fees she requested, the court wrote:

> 2. "The successful plaintiff in a derivative action may be awarded attorneys' fees against the corporation if the corporation received 'substantial benefits'[.]" *See Millsap v. Lane*, 288 Ark. 439, 442, 706 S.W.2d 378, 380 (1986).
>
> 3. A Plaintiff in a derivative action can recover interest on an attorneys' fees award. *See generally, Millsap*, 288 Ark. at 444, 706 S.W.2d at 380.
>
> 4. The Court finds that Conway Precision Products, Inc. did benefit from Plaintiff's claims; therefore, Plaintiff's request falls under the substantial benefit exception stated in the *Millsap* case.
>
> 5. Taking into consideration the experience of the attorneys, the hourly rate and hours billed, the results obtained, and the individual and derivative nature of the claims asserted, the Court finds that an attorney fee award against the Corporation,

2

Conway Precision Products, Inc., equal to half of the amount requested is fair given that the Plaintiff was not successful on all of her claims.

6. Accordingly, Plaintiff is awarded against the Corporation, Conway Precision Products, Inc., attorneys' fees in the amount of $73,480.87, which is half of the amount requested by Plaintiff. Plaintiff is also awarded $22,000.00 in costs against the Corporation, Conway Precision Products, Inc.

From this order Jeff appeals. On appeal, Jeff argues that the circuit court abused its discretion in awarding attorney's fees or, alternatively, by including nonrecoverable fees and costs in the award.

In evaluating an attorney's-fee award, this court recognizes the superior perspective of the circuit court. *DWB, LLC v. D&B Pure Tr.*, 2018 Ark. App. 283, at 13, 550 S.W.3d 420, 429. Accordingly, the decision to award fees and the amount to award are discretionary determinations that the court will reverse only on a demonstration of an abuse of discretion. *Id.*, 550 S.W.3d at 429–30.

Jeff's first point on appeal is that it was erroneous for the circuit court to award any fees and costs in this case at all, because no statutory or equitable basis supports the award. He argues that the claims underlying the judgment sound in tort and that, under the American Rule, attorney's fees are not recoverable absent a statute or recognized exception.

The "American Rule" generally prohibits a successful litigant from collecting attorney's fees against the losing party absent a state statute to the contrary. *Millsap*, 288 Ark. at 442, 706 S.W.2d at 379. Our supreme court has recognized two exceptions to the American rule: (1) the "common fund" doctrine and (2) the "substantial benefit" rule. *Gibson v. Buonauito*, 2022 Ark. 206, at 12, 655 S.W.3d 59, 67. The common-fund exception comes

into play when a plaintiff has created or augmented a common fund, or assets have been salvaged for the benefit of others as well as himself. *Id.* at 13, 655 S.W.3d at 67. In such a situation, to allow others to obtain the full benefit from the plaintiff's efforts without requiring contribution or charging the common fund for attorney's fees would be to enrich the others unjustly at the expense of the plaintiff. *Id.* A common fund contemplates a new pool of money. *Id.*

The supreme court first acknowledged the substantial-benefit rule in *Millsap*, *supra*, a shareholder-derivative action. In *Millsap*, the court stated that a shareholder could recover attorney's fees against a corporation "if the corporation received 'substantial benefits' from the litigation." *Id.* at 442, 706 S.W.2d at 380. It may do so even if the benefits are not pecuniary and no fund is created. *Id.* In *Millsap*, the supreme court affirmed an award of attorney's fees when the plaintiff's derivative action preserved "$400,000 plus interest in corporate assets," which benefited the corporation. 288 Ark. at 443, 706 S.W.2d at 380.

Jeff argues that, here, no common fund was created, nor did CPPI *actually* benefit. He explains that because the jury found he acted in good faith, he is entitled to indemnification from CPPI for any amounts paid on the derivative claims (on the basis of the company's bylaws and Ark. Code Ann. § 4-26-814 (Repl. 2016)); therefore, there was no real benefit to CPPI.

Jeff does not provide any authority, however, that we are required to conduct this sort of "net benefit" analysis. Moreover, *Millsap* suggests otherwise. In *Millsap*, the cross-appellants argued that attorney's fees should be limited due to the corporation's "economic

benefit," taking into account offsetting obligations. The supreme court rejected that approach, explaining that the attorneys "should not be forced to settle for less than the amount they are due and that which the corporation can pay." *Millsap* 288 Ark. at 443, 706 S.W.2d at 380. The relevant inquiry, then, ends with the result obtained in litigation. It was not improper to award attorney's fees in this shareholder-derivative suit.

Jeff next argues that significant portions of the fees awarded were improper.

The allowance of fees by the circuit court must be affirmed unless the appellant demonstrates, or the record shows, that the allowance is excessive, inadequate, or unreasonable. *Ark. Fed. Credit Union v. Pigg*, 2015 Ark. App. 560, at 6. There is no fixed formula or policy to be considered in arriving at such fees other than the rule that the circuit court's appropriately broad discretion in such matters must not be abused. *Id.*

Jeff first explains that of the $146,961.75 in requested fees, $20,585.35 should have been deducted before the court reduced the award by half because those hours related to a motion for contempt on which the court had already awarded $10,000 in attorney's fees. He additionally argues that another $40,000 of the requested fees was improper because it reflected time billed for nonattorney work, such as work performed by secretaries and paralegals. These were arguments he made to the circuit court, and in its order, the circuit court expressly stated that it considered "the hourly rate and hours billed" in determining a reasonable fee before reducing the requested amount by half. Considering that the circuit court reduced the fee award by an amount greater than the total that Jeff challenges, we cannot say that the court failed to consider these arguments such that it abused its discretion.

Finally, Jeff argues that the award of costs associated with Jody's expert witness was improper. In her fee request, Jody requested $22,142.28 in costs, of which $21,697.78 was for fees charged by her expert witness at trial.

In the absence of statutory authority, the fees of expert witnesses cannot be treated as costs and charged against a losing party. *City of Benton v. Alcoa Rd. Storage, Inc.*, 2017 Ark. 78, at 4–5, 513 S.W.3d 259, 262. There is no Arkansas statute that allows recovery of costs associated with an expert witness. Jody argues that the same reasoning that supports recovery of attorney's fees in this case also supports the recovery of expert-witness costs. Jody explains that, if the point of the substantial-benefit rule is to ensure others are not unjustly enriched at the expense of the plaintiff, *Millsap*, *supra*, the reasoning should likewise be extended to fees for an expert witness. However, Arkansas law has not yet extended the substantial-benefit doctrine to permit recovery of expert-witness fees, and we decline to do so today. Moreover, even when attorney's fees are recoverable, that recovery does not automatically require extension to all litigation expenses. *See Sunbelt Expl. Co. v. Stephens Prod. Co.*, 320 Ark. 298, 309, 896 S.W.2d 867, 873 (1995) (disallowing deposition costs, expert-witness fees, and travel expenses despite awarding attorney's fees); *Miller v. Miller*, 70 Ark. App. 64, 69, 14 S.W.3d 903, 907 (2000) (affirming attorney's-fees award in divorce case but holding that expert-witness fees are not recoverable as costs). *Miller* is especially persuasive because it demonstrates that even when attorney's fees sound in equity, expert-witness fees remain unrecoverable.

After review, we hold that the circuit court did not abuse its discretion in awarding

Jody her attorney's fees but that it did abuse its discretion in directing costs paid associated with an expert witness. Accordingly, we modify the circuit court's order by deducting the $21,697.78 awarded as payment of Jody's expert-witness fee. *See Miller, supra.* In all other respects, the order is affirmed.

Affirmed as modified.

TUCKER and BARRETT, JJ., agree.

*The Jiles Firm, LLP*, by: *Gary D. Jiles* and *Matthew K. Brown*, for appellant.

*Newland & Associates, PLLC*, by: *Joel F. Hoover* and *W. Evan Lawrence*, for appellee.